ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from the denial of a motion for judgment notwithstanding the verdict.
Appellee executed a retail installment credit contract on September 7, 1979, for the purchase of a 1972 International truck. On the same day said contract was assigned to appellant. Appellee made only one payment and the truck was repossessed in July 1980. On July 17, 1980, appellant sent a registered letter, which was returned unclaimed, to appellee at his Winfield, Alabama, address. Appellee had moved to East Moline, Illinois, on July 25, 1980, but his family remained in Winfield until May 1983. The truck was sold on July 30, 1980, in Nashville, Tennessee, to appellant for $3,500. Appellant filed action for deficiency of $5,547.89, which resulted in a jury verdict in favor of appellee. Appellant filed a motion for judgment notwithstanding the verdict, which was denied.
Appellant cites as error the trial court’s denial of its motion. A motion for judgment notwithstanding the verdict tests the sufficiency of the evidence in the same way as does the motion for directed verdict at the close of all the evidence. See Committee Comment to Rule 50, Alabama Rules of Civil Procedure. It should not be granted if there is any conflict in the evidence for the jury to resolve, and the existence of such a conflict is to be determined by applying the scintilla rule. Hanson v. Couch, 360 So.2d 942 (Ala.1978); McLarty v. Wright, 56 Ala.App. 346, 321 So.2d 687 (Civ.App.1975).
Appellant’s motion to the trial court contains two grounds: one is that when the plaintiff rested its case it moved the court to strike the defendant’s response to request for admissions which were filed with the complaint on August 14, 1981, and not answered until June 6, 1983. The admission requested in question was, “The truth of the following statement: That you owe the deficiency to the plaintiff, in the amount of $5,547.59.” This was the burden plaintiff-appellant assumed when it filed the complaint and it failed to show any prejudice by the late response. Evans v. Insurance Co. of North America, 349 So.2d 1099 (Ala.1977).
The other ground is to the effect that the verdict of the jury is contrary to the evidence, that is, the evidence showed, undis-putedly, that the defendant was liable for payment of the note, and he did not present any legal defense to absolve himself from payment.
A motion for judgment notwithstanding the verdict does not permit a trial judge to substitute his judgment for that of the jury on the facts and will not allow the trial judge to exercise that discretion permitted him on a motion for new trial, i.e., to consider the demeanor of the witnesses and the credibility of the evidence. Rule 50(b), A.R.Civ.P., and Hanson v. Couch, 360 So.2d at 942. Furthermore, the court’s review of the grant of a J.N.O.Y. compels us to view the evidence in the light most favorable to the party who secured the jury verdict. Chavers v. National Security Fire & Casualty Co., 405 So.2d 1 (Ala.1981).
We are of the opinion that the evidence and reasonable inferences therefrom, in this case, are sufficient to substantiate the jury’s verdict. Taking the tendencies of the evidence most favorable to the appel-lee, the jury could conclude that the truck was not sold in a reasonable commercial manner, as testimony by appellant only concerned company policy and not what actually occurred, and that there was a breach of express warranty by seller to defendant. The trial court instructed the jury among other things, “If you are reasonably satisfied that the vehicle was not as warranted, then you would be entitled to subtract whatever damages the Defendant suffered because of breach of warranty.” The evidence of warranty is slight, but we are unable to consider its credibility and there was no motion to exclude requested instructions or exception to the court’s instruction.
*1322 We hold that the trial court correctly-overruled appellant’s motion for judgment notwithstanding the verdict.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.