In this case, a jury found for the defendants, John R. and Belinda Hall, and against the plaintiff, Robert G. Christiansen, on Christiansen's claims alleging nuisance and trespass caused by the construction of poultry breeder houses. Christiansen appeals, arguing three issues: whether the trial court erred in instructing the jury on mitigation of damages; whether the trial court erred in admitting the testimony of one of the defense witnesses; and whether the jury's verdict was against the great weight of the evidence. We affirm. *Page 1340 
A recitation of the facts of the instant case would not aid the bench or the bar in an understanding of our resolution of the issues; therefore, we have not included one in this opinion.
Christiansen asserts that the trial court erred in charging the jury that he had a duty to mitigate his damages.
The trial court instructed the jury on the elements of nuisance and trespass causes of action and on Christiansen's burden of proof. The jury was instructed that if they were not reasonably satisfied that Christiansen had met his burden of proof of nuisance or trespass that "you [the jury] would go no further." Thereafter, the trial court instructed the jury on compensatory and punitive damages, concluding its instruction on damages with the following:
 "It is the duty of one who is injured or damaged to exercise ordinary care to reduce his or her damages. He is bound to exercise such care as a reasonable prudent person would exercise under like circumstances to reduce or mitigate the damages. He can recover only such damages as would have been sustained had such care been exercised."
Christiansen objected to this charge, stating as follows:
 "I would object to the portion of the Court's charge wherein the Court charged that the plaintiff has the burden of exercising ordinary care to reduce or mitigate damages. I believe that comes from a pattern jury charge. . . ."
Rule 51, A.R.Civ.P., provides:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection." (Emphasis supplied.)
In McElmurry v. Uniroyal, Inc., 531 So.2d 859, 859-60
(Ala. 1988), this Court held:
 "Although Rule 51 does not contemplate that the objecting party, in order to preserve for appellate review an erroneous instruction, deliver a discourse on the applicable law of the case, he must adequately state specific grounds for his objection." (Citations omitted.) (Emphasis supplied.)
Christiansen stated no ground of objection to the instruction on mitigation of damages, unless the statement, "I believe that comes from a pattern jury charge," could be considered a ground for an objection. Even though the use of Alabama pattern jury instructions is "without prejudice to the rights of any litigant to make and reserve for review any objection thereto either as to form, substance or application" (Alabama PatternJury Instructions: Civil (1974) at X), the fact that the particular instruction comes from an Alabama pattern jury instruction is not a proper ground for objection.
Indeed, the charge did come from Alabama Pattern JuryInstructions and is a proper instruction applicable to the facts of this case. There is nothing for us to review on this issue.
The next argument is a tribute to the creativity of our state's Bar. "The rule" was invoked at the commencement of the trial, see McElroy's Alabama Evidence § 286.01 (3rd ed. 1977) ("Sequestration of or putting witnesses 'under the rule' "). This rule requires that witnesses be excluded from the courtroom so that they will not hear each other testify. Christiansen does not contend that any of the witnesses for the defense were in the courtroom during any testimony or that any defense witness heard any other witness testify. Rather, Christiansen contends that "the rule" was violated by defense counsel's conferring with the Halls and a group of potential witnesses and friends of the Halls during a recess and that the trial court abused its discretion in allowing the testimony of a particular defense witness.
The evidence reveals not only that the testimony of this particular defense witness was largely cumulative of the testimony previously elicited from another defense witness whose testimony was admitted without objection, but also that Christiansen's *Page 1341 
counsel cross-examined that witness concerning his meeting with defense counsel.
The general rule is that excluding witnesses upon invocation of "the rule" (i.e., the rule requiring sequestration of witnesses) is a matter left largely to the discretion of the trial judge and that his decision will not be disturbed on appeal absent a showing of an abuse of discretion. Camp v.General Motors Corp., 454 So.2d 958 (Ala. 1984). Furthermore, our case law has consistently upheld trial court rulings that allowed testimony from witnesses who were present in the courtroom during all or a portion of the testimony of other witnesses. See Nationwide Mutual Insurance Co. v. Smith,280 Ala. 343, 194 So.2d 505 (1966); Sullivan v. Miller, 224 Ala. 395,140 So. 606 (1932); Jones v. Coley, 219 Ala. 23,121 So. 24 (1929); Thorn v. Kemp, 98 Ala. 417, 13 So. 749 (1893);Sidegreaves v. Myatt, 22 Ala. 617 (1853).
Based on the foregoing, we hold that the trial court did not abuse its discretion in allowing the testimony of the particular defense witness at issue. Indeed, "the rule" was not violated in the first instance.
The final issue presented is whether the trial court abused its discretion in denying Christiansen's motion for a new trial, which was based on a claim that the jury's verdict was contrary to the weight of the evidence.
No ground for reversal of a judgment is more carefully scrutinized or rigidly limited than the ground that the verdict of the jury was against the great weight of the evidence. SeeKilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972). Rather, there is a strong presumption of correctness of a jury verdict in Alabama, Wagner v. Winn-Dixie, 399 So.2d 295
(Ala. 1981), and that presumption is strengthened by the trial court's denial of a motion for a new trial. Chapman v. Canoles,360 So.2d 319 (Ala. 1978). An appellate court must review the tendencies of the evidence most favorably to the prevailing party and indulge such inferences as the jury was free to draw.Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). The reviewing court will not reverse a judgment based on a jury verdict unless the evidence is so preponderant against the verdict as to clearly indicate that it was plainly and palpably wrong and unjust.Mahoney v. Forsman, 437 So.2d 1030 (Ala. 1983); see, also,Ashbee v. Brock, supra.
In the instant case, the evidence regarding odor from the poultry breeder houses was conflicting, with some witnesses being offended and others either being unable to detect any odors, or, if they did, not finding them annoying. Taken as a whole, however, the evidence supports the jury's apparent conclusion that any odors generated by the breeder houses were not sufficient in magnitude or duration to rise to the level of a nuisance. See Coleman v. Estes, 281 Ala. 234, 201 So.2d 391
(1967); see, also, Ala. Code 1975, § 6-5-120.
Likewise, viewing the evidence as a whole, the jury could have concluded that the Halls did not trespass upon Christiansen's property. There was conflicting evidence as to whether there was a white substance on the leaves of trees on Christiansen's property. There was no evidence as to what the white substance was, and it was not visible to everyone who saw the trees. There was no evidence that the Halls' breeder house operation was the cause of the invasion of the white substance onto Christiansen's property. Likewise, there was a dirt road adjacent to Christiansen's property; the jury could have reasonably inferred that if a white substance did invade Christiansen's property, the white substance was dust from the road.
Based on the foregoing, we hold that the weight of the evidence was not so preponderant against the jury's verdict as to indicate that it was plainly and palpably erroneous; rather, we hold that there was more than sufficient evidence to uphold the jury's finding. See Jawad v. Granade, 497 So.2d 471
(Ala. 1986). The jury, not this Court, was the trier of fact. Therefore, we hold that the trial court did not err in denying Christiansen's motion for a new *Page 1342 
trial after the jury returned a verdict for the Halls.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.