Sherman Holland sued the City of Alabaster; the City Council of the City of Alabaster; John C. Draper, Jr., Nina W. Kent, Willie B. Arrington, Marvin Neal Bailey, and Wayne Lucas, in their official capacities as members of the city council; Roger N. Wheeler, in his capacity as Mayor of the City of Alabaster; and the City of Alabaster Sewage Treatment Department (the defendants will hereinafter be collectively referred to as "the City"), seeking to enjoin, and to recover damages for, an alleged trespass and nuisance. The jury returned a verdict in favor of the City on the trespass and nuisance claims. The trial court entered a judgment on that verdict, and denied Holland's request for an injunction, *Page 433 
as well as his motion for a new trial. Holland appealed. We affirm.
Holland first contends that the trial court erred in denying his motion for a new trial, which was based on a claim that the jury's verdict was contrary to the weight of the evidence. No ground for reversal of a judgment is more carefully scrutinized or rigidly limited than the ground that the verdict of the jury was against the weight of the evidence. Rather, there is a strong presumption of correctness of a jury verdict in Alabama and that presumption is strengthened by the trial court's denial of a motion for a new trial. An appellate court must review the tendencies of the evidence most favorably to the prevailing party and indulge such inferences as the jury was free to draw. The reviewing court will not reverse a judgment based on a jury verdict unless the evidence is so preponderant against the verdict as to clearly indicate that it was wrong and unjust. Christiansen v. Hall, 567 So.2d 1338 (Ala. 1990).
After carefully reviewing the record, as well as the briefs of the parties, we hold that the weight of the evidence was not so preponderant against the jury's verdict as to clearly indicate that it was wrong and unjust. The evidence showed that the City's sewage treatment plant discharged "sludge" into Buck Creek, which flows through Holland's property. The property through which Buck Creek flows was conveyed to Holland by Martin Marietta Corporation; however, the property "lying within the banks of Buck Creek" was specifically excepted from that conveyance. The evidence also shows that the "sludge" remained within the banks of the creek. Thus, the jury apparently found that the City did not "cause some 'substance' or 'thing' to enter upon" Holland's property, and, therefore, that the City had not committed a trespass. See Born v. ExxonCorp., 388 So.2d 933, 934 (Ala. 1980).
With regard to the nuisance claim, conflicting evidence was presented to the jury concerning the nature and extent of the City's discharge of "sludge" into the creek, the degree to which odors emanating from the creek could have materially interfered with Holland's quiet enjoyment of his property, the nature of the City's clean-up efforts, and the extent to which Holland cooperated in those efforts. The jury had the opportunity to hear all of the testimony and to consider all of the evidence, which included many documents and a number of pictures. Viewing the evidence as a whole, the jury could have concluded that any odors generated by the "sludge" in Buck Creek were not sufficient in magnitude or duration to rise to the level of a nuisance. Christiansen v. Hall, supra.
Holland next contends that he is entitled to a new trial because, he says, the foreperson of the jury, the Honorable Patricia M. Smith, District Judge for Shelby County, disregarded the trial court's instructions by not considering all of the evidence introduced at trial. Holland's contention in this regard is based on a newspaper article in which the following statement was attributed to Judge Smith:
 "When one of the lawyers made an objection, I'd decide whether I'd sustain or overrule. I am proud to say that Judge Armstrong and I ruled exactly alike nearly all the time."
We have carefully reviewed the newspaper article in its entirety and it does not in any way show that Judge Smith acted improperly in her service as a juror. In the absence of evidence to the contrary, jurors are presumed to have followed the trial court's instructions. " '[A] party cannot be permitted to speculate on the results of a court's instruction or claim error with regard thereto without an affirmative showing that such an instruction was ignored by the trier of fact or caused an improper verdict.' " Empiregas, Inc. ofArdmore v. Hardy, 487 So.2d 244, 252 (Ala. 1985), cert. denied,476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986), quotingCitizens Bank v. Routh, 351 So.2d 594, 597 (Ala.Civ.App. 1977). See, also, Alfa Mutual Ins. Co. v. Northington,561 So.2d 1041 (Ala. 1990). We find this contention to be totally without merit. *Page 434 
Finally, Holland argues that the trial court erred in refusing his request for an injunction. The issuance of injunctive relief is within the sound discretion of the trial court. Holland's burden on appeal is to establish that the trial court abused its discretion in denying his request for injunctive relief, by showing that the court committed "a clear or palpable error." Hood v. Neil, 502 So.2d 749, 750 (Ala. 1987). The same evidence that precluded us from disturbing the trial court's denial of Holland's motion for a new trial also precludes us from finding an abuse of discretion on the trial court's part in denying his request for an injunction. The record does not show that the trial court committed "a clear or palpable error."
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS and KENNEDY, JJ., concur.