KENNEDY, Justice.
The plaintiffs, Cahaba Land Associates, Inc. (hereinafter referred to as the “corporation”), Don Huff, David Byers, Sr., James Mulvaney, and Dewey White, appeal from a partial judgment notwithstanding the verdict (JNOV), whereby the trial court set aside the jury’s award of punitive damages. The defendant, Secor Bank, appeals from the trial court’s denial of its motion for JNOV to set aside the jury verdicts on fraud and conversion in favor of the plaintiffs.[1]
When reviewing a JNOV, the appellate court will view the evidence in a light most favorable to the party who secured the jury verdict. Warren v. Ousley, 440 So.2d 1034 (Ala.1983). The applicable standard of review requires this Court to view the tendencies of the evidence most favorably to the plaintiffs.
Huff, Byers, Mulvaney, and White formed the corporation in 1987 for the purpose of making real estate investments. In February 1988, Whit Walter, an employee of Secor, contacted Byers concerning a real estate development in Georgia. The plaintiffs were interested in buying the property. Walter asked that they give him a check to show their interest in the property and he stated that the check would not be cashed. Huff, on behalf of the corporation, gave Secor Bank a check for $700,000 to be placed in a file folder for the purpose of showing the corporation’s interest in the property. Walter signed an agreement stating that he would not cash Huff’s check without Huff’s authorization. Subsequently, Walter asked Huff to write two more checks totalling $700,000. Huff wrote two checks totalling $700,000 on his personal account. It is disputed whether the parties agreed that Walter would not cash the two checks. Walter did cash the two checks, to pay off delinquent loans on the property, and did so without Huff’s authorization.
With no plaintiff knowing that Walter had cashed the checks, the corporation executed a promissory note to Huff in the amount of $700,000. Byers, Mulvaney, and White then executed a guaranty agreement, personally obligating themselves on that promissory note.
After learning certain information about the property, the plaintiffs were no longer interested in buying it, and the deal fell through. On March 18, 1988, Huff learned that Walter had cashed the two checks; he demanded that the $700,000 be returned. Secor refused to return the money; the plaintiffs sued, alleging, inter alia, fraud, breach of contract, and conversion.
Secor filed a motion for a summary judgment, which was denied by the trial court. At trial, the jury awarded Huff and the corporation, together, $700,000 in compensatory damages on the breach of contract claim (C.R. 1108); awarded Huff $350,000 in compensatory damages and $350,000 in punitive damages on the fraud and conversion claims (C.R. 1107); awarded White $275,000 in compensatory damages and $300,000 in punitive damages on the fraud *1374 claim (C.R. 1106); awarded Mulvaney $300,000 in compensatory damages and $300,000 in punitive damages, based on Se-cor’s alleged fraud (C.R. 1109); awarded Byers $250,000 in compensatory damages and $300,000 in punitive damages (C.R. 1110); and awarded the corporation $20,000 in punitive damages based on fraud (C.R. 1111).
The trial court granted a portion of Se-cor’s motion for JNOV, setting aside the award of punitive damages on the ground that the evidence was insufficient to support that award. However, the trial court did not set aside any of the compensatory awards.
From the record, we must presume that the actual loss incurred in this case was $700,000 and that it arose from the attempted sale of the property. However, the jury awarded a total of $1,875,000 in compensatory damages. Obviously, the jury was confused as to who was owed the $700,000. Either the corporation or the individual plaintiffs would be entitled to the $700,000, but not both; they are not entitled to a double recovery. The loss of the $700,000 was either the loss of Huff and the individual guarantors, to the extent that they paid Huff a portion of the $700,-000, or it was the loss of the corporation by virtue of the loan to Huff.
As to the punitive damages award, there was evidence to support the award. However, the jury was again confused as to who was entitled to punitive damages. Therefore, the trial court erred in setting aside the entire punitive damages award.
When it is apparent that there has been a serious miscarriage or a total failure of justice, the trial court is under a duty to set aside the verdict and grant a new trial. Herrington v. Central Soya Co., 420 So.2d 1 (Ala.1982).
It is clear in this case that the jury’s verdict was flawed. Therefore, the trial court erred in failing to set aside the verdict and grant a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.

. The defendant also appealed from the trial court’s denial of its motion for summary judgment; however, we will not discuss the merits of that appeal.