Margaret Ann Coley appeals from a judgment notwithstanding the verdict granted by the trial court in favor of Margie Walker, as the administratrix of the estate of Willodean Duke Cray, deceased. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975. The trial judge set aside the jury's decision that Mrs. Cray intended to change the beneficiary on a life insurance policy to designate Mrs. Coley as the sole beneficiary of the proceeds of the policy. We reverse and remand.
Willodean Cray was Margaret Ann Coley's aunt. Testimony adduced at trial indicated that the two women enjoyed a close relationship, similar to that of mother and daughter, and that the Coleys and Crays shared many activities as a family unit. The Crays did not have children. Mrs. Cray was apparently a generous woman, who freely provided material assistance and gifts to members of her family, especially to Mrs. Coley, her husband, and their children. Mrs. Cray's affection for, and generosity to, Mrs. Coley and her family were common knowledge within this family.
Willodean Cray died on December 30, 1992. No will was located, and, therefore, an administration of her estate was necessary. Margie Walker, Mrs. Cray's sister, and Nancy Duke, Mrs. Coley's sister and another of Mrs. Cray's nieces, were appointed co-administratrices of the estate.
Upon opening Mrs. Cray's safe deposit box, relatives found several insurance policies designating her estate as beneficiary, as well as the policy at issue in this case, a $40,000 life insurance policy written by the Prudential Insurance Company of America. Ms. Duke indicated that this policy had her sister's name on it. This policy was issued by Prudential in 1976 on Mrs. Cray's life. She was the owner, as well as the insured, and named as beneficiary her husband, William Tracy Cray.
After Mr. Cray's death in December 1991, Mrs. Cray's insurance agent, William Lemley, contacted her about changing the beneficiary designated in the policy. Mr. Lemley met with Mrs. Cray on February 24, 1992, at which time she purchased a $60,000 life insurance policy with Prudential on which she designated her estate as beneficiary. According to Mr. Lemley's testimony at trial, during his meeting with Mrs. Cray on February 24, she also signed a change of beneficiary form for her $40,000 insurance policy. The form itself is not dated. Mr. Lemley completed the form only to the extent that he printed Mrs. Cray's name and policy number on the first page and printed in the beneficiary designation section on the second page the name "Margaret D. Coley," the word "niece" to indicate Mrs. Coley's relationship to Mrs. Cray, and Mrs. Coley's age, "48." After he discussed with Mrs. Cray the need to change the beneficiary of the $40,000 policy, Mr. Lemley inserted Mrs. Coley's name on his own initiative because, he said, he knew that she was considered a favorite niece by Mrs. Cray. After he wrote Mrs. Coley's name on the form, Mrs. Cray stopped him and said that she wanted to add other nieces and nephews as beneficiaries because she wanted to "leave them all a little something." Mrs. Cray proceeded to sign the form, then instructed Mr. Lemley to hold it in his files until she compiled a list of the names she wanted to designate as beneficiaries.
From February through June 1992, Mr. Lemley contacted Mrs. Cray about completing the change of beneficiary form, but she always told him she was working on the list of names and not to rush her. In his last conversation with Mrs. Cray in June 1992, Mr. Lemley told her that he would hold the form in his files until she let him know who else she wanted to designate as beneficiary or beneficiaries thereon. After Mrs. Cray's *Page 1007 
death, he submitted the change of beneficiary form in his possession to Prudential for processing.
Mrs. Coley filed a claim for the insurance proceeds from the $40,000 Prudential policy after she learned of the existence of the policy and the form designating her as beneficiary. Ms. Duke testified that she was also of the opinion that Mrs. Coley should be entitled to the proceeds. Mrs. Walker, however, who was of the opinion that the insurance proceeds should be the property of the estate, filed a claim for the proceeds on behalf of the estate, in which Ms. Duke did not join. Mrs. Coley then filed suit against Prudential and Mrs. Walker. Prudential impleaded the insurance proceeds, plus interest, and Mrs. Walker cross-claimed.
The case was tried to a jury in the Circuit Court of Mobile County, Alabama, on May 4, 1994. At the close of Mrs. Coley's case, Mrs. Walker's attorney requested a directed verdict. Rather than enter a directed verdict, the trial judge informed the parties that he intended to submit the case to the jury, but if the jury returned a verdict for Mrs. Coley, he was inclined to grant a judgment notwithstanding the verdict ("JNOV"). Mrs. Walker rested without putting on any evidence. After brief deliberations, the jury returned a verdict for Mrs. Coley. Counsel for Mrs. Walker made an oral motion for JNOV, which was granted by the trial judge. This appeal followed.
A motion for JNOV challenging the sufficiency of the evidence is appraised by applying the substantial evidence rule. MedPlus Properties v. Colcock Constr. Group, Inc., 628 So.2d 370,373 (Ala. 1993); § 12-21-12(d), Ala. Code 1975. A post-judgment motion for JNOV, like a motion for a directed verdict presented during trial, is a procedural device used to challenge the sufficiency of the nonmoving party's evidence. Alabama PowerCo. v. Williams, 570 So.2d 589, 591 (Ala. 1990). The standard of review applicable to a motion for JNOV on appeal is identical to that used by a trial court in reviewing a motion for a directed verdict, and like a directed verdict, a JNOV is appropriate when the party with the burden of presenting evidence has failed to present substantial evidence in support of its position. Med Plus Properties, 628 So.2d at 373-74; §12-21-12(a) and (c), Ala. Code 1975.[1] When a trial court has denied a motion for a directed verdict, a motion for JNOV allows the court to reassess its prior decision. Carter v.Henderson, 598 So.2d 1350, 1353 (Ala. 1992). The ultimate question as to either motion is whether the party bearing the burden of proof has presented sufficient evidence to allow submission of the case or issue to the jury for resolution of the factual dispute. Id. In reviewing a motion for JNOV, this court must view the evidence in a light most favorable to the party who secured the jury verdict and must consider those reasonable evidentiary inferences a jury could have drawn. Id.See also Cahaba Land Associates, Inc. v. Secor Bank,619 So.2d 1372, 1373 (Ala. 1993).
After reviewing the record in this case in the light most favorable to Margaret Ann Coley, we conclude that she presented evidence at trial sufficient to allow this case to be submitted to the jury. Mrs. Cray saw Mr. Lemley write Mrs. Coley's name on the change of beneficiary form, which Mrs. Cray then signed even though she expressed an intention to add other names later. On the same day, Mrs. Cray purchased another insurance policy on which she expressly designated her estate as beneficiary. Despite Mr. Lemley's subsequent communications with Mrs. Cray, she never instructed him to add any names other than Mrs. Coley's to the change of beneficiary form. After Mrs. Cray's death, the $40,000 policy at issue here was found in her safe deposit box with Mrs. Coley's name on it. The jury in this case could have drawn a reasonable inference from the evidence presented that Mrs. Cray decided during the interim between her meeting with Mr. Lemley on February 24 and her death that she did not want to add anyone else to the $40,000 policy and that the proceeds of the $60,000 policy designated for *Page 1008 
her estate would be sufficient to accomplish her plan to "leave them all a little something." A motion for JNOV does not permit a trial court to substitute its judgment for that of the jury on the facts. Transport Acceptance Corp. v. Matheny,460 So.2d 1320, 1321 (Ala.Civ.App. 1984).
Mrs. Walker also argues that JNOV was proper in this case because, as a matter of law, Mrs. Cray had not substantially complied with the policy requirements for changing her beneficiary, relying on Gibson v. Henderson, 459 So.2d 845
(Ala. 1984). In Gibson, the insured had completed a change of beneficiary form and placed it in his desk drawer, where it was located after his death and forwarded to the insurance company. Our supreme court held that the insured had not effectuated a change in beneficiary because he had not "done all in his power, or taken every reasonable step, to comply with the policy provision." Id. at 848. Mrs. Walker argues that because Mrs. Cray did not add the additional names or instruct Mr. Lemley to complete the change of beneficiary form and forward it to Prudential, she had not done all she could have done to effectuate the change of beneficiary.
Subsequently, however, the court addressed the subject again in Murphy v. Gibson, 465 So.2d 373 (Ala. 1985), wherein it held as follows:
 "[A]n insured may change his beneficiary without abiding by the specified requirements of his policy, which require that the change be noted thereon, if the insurer waives the requirement, and an interpleader by it is such a waiver."
Id. at 376. In Murphy, an employee had designated his first wife as the beneficiary of a profit-sharing plan, but later told his second wife that he had made her the beneficiary of all benefits he possessed. He subsequently learned that his first wife was still listed as beneficiary, but chose to leave her as the beneficiary of his profit-sharing benefits. Because the profit-sharing plan was analogous to a life insurance policy, the court relied on prior decisions regarding the latter. See Norton v. Norton, 280 Ala. 307, 193 So.2d 750
(1966); Phillips v. Phillips, 240 Ala. 148, 198 So. 132 (1940). An insured may change a beneficiary by gift when the power to make such a change is vested in the insured under the policy's terms. Murphy, 465 So.2d at 377.
Mrs. Cray's insurance policy contained the following language regarding the designation of a beneficiary:
 "A beneficiary designation may be made or changed upon written request in form satisfactory to Prudential. The designation or change shall take effect when Prudential files the request at the Home Office at which time any previous Beneficiary's interest shall cease as of the date of the request, whether or not the Insured is living when the request is filed."
By interpleading the proceeds of the policy, Prudential waived strict compliance with its policy by Mrs. Cray, and thus it was the province of the jury to determine whether Mrs. Cray intended to name Mrs. Coley as sole beneficiary of the policy at issue here. It was reasonable for the jury to infer that although Mrs. Cray needed to take action to name other nieces or nephews as beneficiaries, she considered that nothing on her part remained to be done to change the beneficiary as to Mrs. Coley. Murphy, 465 So.2d at 377. See also Whitman v. Whitman,225 Ala. 113, 142 So. 413 (1932).
Granting a motion for JNOV is appropriate only when (1) the nonmoving party has presented insufficient evidence regarding a material issue of fact or no factual controversy exists upon which reasonable people could differ and (2) the moving party is entitled to a judgment as a matter of law. The University ofAlabama Health Servs. Found. v. Bush, 638 So.2d 794, 798
(Ala. 1994); Baptist Memorial Hosp. v. Bowen, 591 So.2d 74, 77
(Ala. 1991). After reviewing the evidence in a light most favorable to Mrs. Coley and considering the reasonable evidentiary inferences the jury could have drawn, we find that the evidence before the jury and the inferences it could have drawn are sufficient to substantiate the jury's verdict. In light of the decisions in Murphy, Norton, and Phillips, the trial judge was not precluded as a matter of law from submitting the case to the jury, nor was he obliged to enter a JNOV *Page 1009 
when the jury rendered a verdict in favor of Mrs. Coley. The jury's verdict in this case is due to be reinstated, and it is so ordered.
Under the authority of Harrington v. Feld, 586 So.2d 220
(Ala.Civ.App. 1991), Mrs. Coley's request for an attorney's fee on appeal is hereby denied.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.
[1] Substantial evidence is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).