The defendant, the Heil Company ("Heil"), appeals from a judgment on a jury verdict in favor of the plaintiff, Michael Crowley, based on Crowley's claim that he was fired in retaliation for his filing a claim for workers' compensation benefits.
The issues in this case are: (1) whether Crowley offered substantial evidence to show a discharge in retaliation for his filing the workers' compensation claim; (2) whether Crowley presented clear and convincing evidence entitling him to punitive damages; and (3) if so, whether the punitive damages award was excessive.
Viewing the facts in a light most favorable to Crowley, as we are required to do, we find that the evidence tended to show the following: In September 1989, Crowley was hired by Heil as a painter. Heil manufactures garbage trucks and large bins for storing material to be recycled. Crowley's job was to prepare a vehicle or bin for painting and then to paint it with a paint sprayer. Based on his performance, Crowley was chosen to prepare and paint garbage trucks to be displayed at industrial truck shows.
Crowley worked for Heil for 15 months before his injury. During this time, the only notation in his file concerning his work habits was that he had taken too much time on a break one day. During this 15-month period, Crowley timely received every raise for which he was eligible, indicative of an employee's doing a good job.
On January 28, 1991, Crowley injured his back when he fell from a garbage truck that he was preparing to paint. Heil's physician ordered treatment with bedrest and prescription drugs for Crowley's back injury, later diagnosed as bulging disc and lumbar strain. After having continuing difficulties, Crowley was treated by two other physicians. Crowley also underwent physical therapy for his injury.
Crowley received workers' compensation benefits. He was also paid for the days he missed because of his injury and for the time he spent receiving treatment.
Crowley was placed on "light duty" status with "full restrictions" when he returned to work. According to Heil's plant manager, placing an injured employee on "light duty" status is cheaper and is, therefore, preferable to paying workers' compensation benefits. "Light duty" consisted of answering the telephone. However, the telephone that Crowley was to answer was connected to a line inside the company and it never rang. The employees placed on light duty were not allowed to read or to do anything other than sit in an office to answer a phone that did not ring. The employees were allowed two breaks. No employee was allowed to sit or rest on the couch located in the office without a written note from a physician. Another *Page 107 
injured employee placed on light duty status testified that this treatment made him "stir crazy." Crowley testified that it had the same effect on him.
After Crowley was taken off restrictions and was able to return to regular duty, Heil placed him in a department where he would do "touch up" paint work and would operate a grinding machine. Touch up work included repainting small areas of the trucks or bins, and grinding work included lifting a machine to grind or smooth out parts of a truck. A former Heil supervisor, Houston Eakins, testified that Crowley was placed in those departments because touch up and grinding work would be difficult for Crowley, given his back injury. Eakins testified that certain Heil managers thought Crowley would quit if the work became too difficult and that it was Heil's intent to give Crowley strenuous jobs so as to induce him to quit.
For the period between his injury and his release, Crowley received several disciplinary reports from supervisors at Heil. The alleged violations included: leaving work before his shift ended; failing to comply with a safety rule; and missing too many days of work. According to Eakins, he was told by Heil supervisors to find a way to write reports on Crowley so that Heil could suspend or terminate Crowley. Crowley was subsequently fired.
A jury awarded Crowley $50,000 in compensatory damages and $500,000 in punitive damages. Heil filed a motion for a JNOV; a motion to alter, amend, or vacate the judgment; and a motion for a new trial, or, in the alternative, a remittitur. After a hearing, the trial court denied the motions.
The first issue is whether Crowley presented substantial evidence to prove a retaliatory discharge. We first note that a strong presumption of correctness attaches to a jury verdict if the verdict passes the "sufficiency of the evidence test" presented by motions for a directed verdict and JNOV.Christiansen v. Hall, 567 So.2d 1338 (Ala. 1990). The presumption of correctness is strengthened by the trial court's denial of a motion for a new trial. Christiansen.
This Court will not reverse a judgment based on a jury verdict on a sufficiency-of-the-evidence claim unless the evidence, when viewed in a light most favorable to the nonmoving party, shows that the verdict was plainly and palpably wrong. Christiansen.
Crowley's action was based on that portion of the Alabama Workers' Compensation Act providing that no employee shall be dismissed solely for filing an action to recover workers' compensation benefits. § 25-5-11.1, Ala. Code 1975. In order for Crowley to recover under this claim, he had to present a prima facie case of a retaliatory discharge, i.e., he had to make a prima facie showing that he was fired because he sought workers' compensation benefits. The burden would then shift to the defendant employer to provide evidence that the plaintiff employee was fired for a legitimate reason. The burden then would shift back to the employee to show that the reason given for the termination was a pretext for an otherwise impermissible termination. Twilley v. Daubert Coated Products,Inc., 536 So.2d 1364 (Ala. 1988).
Crowley presented substantial evidence from which a jury could infer that Heil implemented a plan to fire him because he had filed a workers' compensation claim. Crowley presented evidence from a former Heil supervisor indicating that Crowley was to be watched closely and "written up" as often as possible in order to justify the termination, and evidence that he was given more strenuous work to do in the expectation that this would induce him to quit his job. One could reasonably infer from the evidence that Heil placed Crowley on light duty status specifically to annoy him and encourage him to quit.
Although Heil presented evidence that Crowley was fired for other reasons, Crowley sufficiently rebutted that evidence by evidence indicating that the reasons Heil gave were a mere pretext for the termination. As noted earlier, Crowley presented evidence that Heil implemented a plan to create infractions, in order to justify his termination.
The second issue is whether Crowley presented clear and convincing evidence *Page 108 
entitling him to punitive damages. In order to be entitled to punitive damages, the plaintiff must present clear and convincing evidence that the defendant "consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." § 6-11-20. "Clear and convincing evidence" is evidence that, "when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion." § 6-11-20(b)(4). Further, "Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt." Id.
Again, we note that there is a strong presumption in favor of jury verdicts and that this Court will not disturb a verdict on the ground of insufficiency of the evidence unless it appears that the verdict was plainly and palpably wrong and unjust.Gold Kist, Inc. v. Griffin, 657 So.2d 826 (1994). We hold that Crowley's evidence, "when weighed against evidence in opposition," would produce in the minds of jurors "a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion." §6-11-20(4). Current and former Heil employees testified that Heil's practices and policies regarding injured employees who filed workers' compensation claims were intended to make those employees quit and to discourage other employees from filing workers' compensation claims and that Heil implemented those practices and procedures as to Crowley after he filed his workers' compensation claim.
The last issue is whether the punitive damages award was excessive. The United States Supreme Court in Pacific MutualLife Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032,113 L.Ed.2d 1 (1991), approved this Court's standards of appellate review of punitive damages awards as announced in Hammond v.City of Gadsden, 493 So.2d 1374 (Ala. 1986), and Green Oil Co.v. Hornsby, 539 So.2d 218 (Ala. 1989). Heil's main contention is that the punitive damages award does not bear a reasonable relationship to the harm that was likely to occur from its conduct or to the harm that actually occurred. We disagree. Crowley presented evidence that Heil had engaged in this conduct before and that Crowley, as a result of his being fired pursuant to Heil's practices implemented toward those employees filing for workers' compensation benefits, was forced to sell certain personal property and eventually to apply for public assistance.
Based on the foregoing, we affirm.
AFFIRMED.
SHORES, INGRAM, COOK and BUTTS, JJ., concur.