L. CHARLES WRIGHT, Retired Appellate Judge.
Dania Jean Franks appeals from a judgment notwithstanding the verdict granted by the trial court in favor of Alfa Mutual Insurance Company.
On August 17, 1992, Franks was driving her vehicle on Alabama Highway 5 in Winston County, Alabama, when she hit a patch of gravel. The patch of gravel was approximately six inches in height and three feet in width. After hitting the patch of gravel, Franks lost control of her vehicle. It subsequently hit a tree. Franks was injured in the accident, suffering a fractured ankle which required two surgical procedures. As a result of the injury, she sustained $11,000 in medical expenses.
In November 1992 Franks’s attorney filed a claim with the Alabama Board of Adjustment, alleging that Franks was injured in an automobile accident due to the negligence of the Alabama Department of Transportation. Franks was not aware that her attorney had taken such action. Her attorney subsequently referred her to another attorney. The subsequent attorney, the attorney of record, filed this action in the Circuit Court of Winston County, seeking uninsured motorist benefits under two automobile insurance policies that Franks had with Alfa.
A jury trial ensued. At the close of Franks’s case, Alfa requested the trial court to direct a verdict in its favor. The trial court denied the request. Following the trial, the jury awarded Franks $20,000 in damages. Alfa subsequently filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial, alleging that the verdict was not supported by the evidence and that it was excessive. The trial court, without stating its reasons, granted Alfa’s motion for JNOV. The trial court conditionally granted the motion for a *973 new trial “in the event the [appellate court] reverses the order of this court granting judgment notwithstanding the verdict.”
Franks appeals and asserts that the trial court erred in granting Alfa’s post-judgment motion.
A motion for JNOV, like a motion for a directed verdict, is a procedural mechanism whereby one party challenges the sufficiency of the other party’s evidence. First Financial Ins. Co. v. Tillery, 626 So.2d 1252 (Ala.1993). A motion for JNOV permits the trial court to revisit its earlier decision denying the motion for a directed verdict. Till-ery. The ultimate question as to either motion is whether the nonmoving party has presented sufficient evidence to allow submission of the case to the jury for a factual determination. Tillery.
A motion for JNOV challenging the sufficiency of the evidence is appraised by the substantial evidence rule. Coley v. Walker, 655 So.2d 1005 (Ala.Civ.App.1994). In order to withstand a motion for JNOV, the nonmovant must present substantial evidence to support each element of her cause of action or defense. Tillery. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989). In reviewing a motion for JNOV, this court must review the evidence in a light most favorable to the non-moving party and must consider those reasonable evidentiary inferences a jury could have drawn. Coley.
Franks asserts that she presented substantial evidence from which the jury could have determined that the gravel was left on the roadway by an unknown, uninsured motorist. Alfa insists that the only reasonable view of the evidence is that the gravel was left on the roadway by the Alabama Department of Transportation.
The record reflects the following: The accident occurred at 8:40 p.m. on August 17, 1992. The state trooper investigating the accident reported that Franks “ran into some loose gravel where some work was being done” and lost control of her ear. He noted that the accident occurred on Highway 5 at mile post 206.20.
Clyde Sudduth, a district engineer with the Alabama Department of Transportation, testified that on August 17, 1992, a crew of department employees was strip-patching a portion of Highway 5. On that day the crew placed 100 tons of non-skid slag on Highway 5 between mile posts 206 and 209. Sudduth testified that when the strip-patching was completed, the crew swept the roadway with a mechanical sweeper to remove any excess material. As soon as Sudduth was informed of the accident, he conducted his own investigation. Following his investigation, he found that his crew had swept the portion of Highway 5 in question before it left for the day. The cleanup was completed by 3:30 p.m. Sudduth testified that he did not know how the gravel got there.
Charles Smith, a resident of Winston County who has been in the gravel business for more than 20 years, testified that in August 1992 there were at least six gravel companies doing business in Winston County. He testified that those companies’ trucks routinely travelled on Highway 5. He stated that he had witnessed gravel being hauled in the area and had seen gravel fall from the trucks. He testified that that was a common occurrence. He testified that a truck with an open gate could have deposited the gravel in question.
Granting a motion for JNOV is appropriate only when the nonmoving party has presented insufficient evidence regarding a material issue of fact or no factual controversy exists upon which reasonable people could differ and the moving party is entitled to a judgment as a matter of law. Coley. After reviewing the record in the light most favorable to Franks, we conclude that she presented substantial evidence to allow this case to be submitted to the jury.
There was no direct testimony concerning how the gravel came to be on the roadway. By holding Alfa liable, the jury necessarily found that a vehicle was involved, the operator of which was unascertainable, and that the operator of the vehicle was responsible *974 for the gravel being on the roadway. Although there was evidence that the department had been working in the area on the day in question, the jury could have reasonably concluded from the evidence before it that the department was not in fact the source of the gravel. Alfa Mutual Ins. Co. v. Beard, 597 So.2d 664 (Ala.1992).
We find that the evidence before the jury and the inferences the jury could have drawn from that evidence were sufficient to substantiate the jury’s verdict. The trial court’s grant of Alfa’s motion for JNOY was, therefore, made in error.
Pursuant to Rule 50(c)(1), Ala.R.Civ. P., the trial court ruled that in the event this court reverses its judgment granting Alfa’s motion for JNOV, Alfa would be entitled to a new trial based on any and all grounds stated in its post-judgment motion. Although the trial court states that its order is based on all of the grounds enumerated in Alfa’s post-judgment motion, the only viable ground we discern, and the only one argued in support of the court’s order, is “the great weight and preponderance of the evidence” ground.
The standard of review by which a trial court tests a “weight of the evidence” ground for a new trial is as follows: “A verdict based upon evidence sufficient for jury submission should not be set aside unless it is so against the great weight and preponderance of the evidence that a judgment based upon such verdict would be plainly and palpably wrong and manifestly unjust.” Best v. First Nat'l Bank of Birmingham, 494 So.2d 387 (Ala.1986). Furthermore, “this discretionary ruling is entitled to a presumption of correctness and will be set aside only for abuse of discretion.” Best.
We find that the trial court abused its discretion in conditionally granting the motion for a new trial. We do not find the jury’s verdict to be so against the great weight and preponderance of the evidence as to render the verdict plainly and palpably wrong and manifestly unjust.
The judgment granting the motion for a judgment notwithstanding the verdict is reversed; the judgment granting a new trial is reversed; and the cause is remanded with instructions to the trial court to reinstate the judgment based upon the jury verdict.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.