PER CURIAM.
Ellis Golden renovated a house owned by Stacy Ann Velasquez. Golden commenced an action in the Cherokee Circuit Court claiming that Velasquez had not paid for all the labor and materials. He asserted that he was entitled to damages for breach of contract, account stated, and quantum meruit.[1] The jury trial occurred on April 18, 2016.
The jury heard testimony that Velasquez and Golden had entered into an oral contract in 2010. Golden agreed to provide the materials and labor to renovate Velasquez’s house; Velasquez agreed to remit one initial payment and, thereafter, monthly installments of $300 to satisfy the costs of the renovation. Velasquez made the initial payment of $1,000 and monthly payments of approximately $800 until March 2013. The parties agree that Velasquez had paid Golden $10,460 when, in March 2013, Golden agreed to allow her to stop paying the $300 monthly installments because Velasquez was caring for her mother who had been diagnosed with terminal cancer. Velasquez’s mother died in December 2013.
When Velasquez received approximately $38,000 in life-insurance proceeds, she contacted Golden. She testified that she had asked Golden how much she owed on the contract, that he had wanted her “to come sign papers,” but that she had not done so. Velasquez testified that she had later determined that the balance she owed to Golden was $9,540} however, she said: “He refused it.”
Golden testified that Velasquez had not communicated a renovation budget and that she owed him $23,351 plus $8,219.40 in interest. Golden testified that Velasquez had agreed to pay interest, but he admitted that the parties had never discussed a rate of interest. He said that he had decided to charge the same rate as had been charged by his bank. Velasquez testified that she had limited the renovation budget to no more than $20,000, that she had never agreed to pay interest, and that Golden had never mentioned interest. Phillip Rickey Gossett, Velasquez’s father and Golden’s employee, testified that he had participated in the initial discussion regarding the renovation, that Velasquez had communicated a $20,000 renovation budget to Golden, that interest had never been discussed, and, although his testimony is not entirely clear on this point, that he had reassured Golden that he would pay up to $20,000 if Velasquez did not.
After the close of all the evidence, the charge conference occurred. Golden moved for a Rule 50, Ala. R. Civ. P., judgment as a matter of law (“JML”), and Velasquez renewed her motion for a JML. The circuit court denied both motions. Golden then abandoned his account-stated and quantum-meruit claims. The circuit court read the agreed-upon jury instructions. The circuit-court judge said: “[Tjhis case is a little bit unusual in that there’s an admission [by Velasquez] that a[n oral] contract did exist”; the dispute, he explained, focused on the “extent of that contract.”
The jury returned a verdict for Velasquez. Golden moved for judgment notwithstanding the verdict, now referred to as a postverdict motion for a JML, see Rule 50, and he requested, in the alterna- *373 five, a new trial pursuant to Rule 59, Ala. R. Civ. P. The circuit court held a post-judgment hearing at which it heard arguments of counsel. The circuit court specifically noted its consideration of whether the jury could have reasonably concluded that Velasquez had not breached the contract based upon her testimony that she had communicated a budget, that she had tried to pay Golden $9,540, and that he had refused the money. The circuit court entered a judgment on the verdict, denied Golden’s postverdict motion for a JML, and denied his motion for a new trial. Golden filed a timely notice of appeal, arguing that the evidence presented was insufficient to support the jury verdict and, therefore, that the circuit court had erred by refusing to grant his motion for a new trial.
“A strong presumption of correctness attaches to a jury verdict in Alabama, if the verdict passes the ‘sufficiency test’ presented by motions for directed verdict and JNOV [now denominated as motions for a JML under Rule 50, Ala. R. Civ. P.]. Christiansen v. Hall, 567 So.2d 1338, 1341 (Ala. 1990); Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160 (Ala. 1988). This presumption of correctness is further strengthened by a trial court’s denial of a motion for new trial. Christiansen, 567 So.2d at 1341. Denying, and to a more limited extent granting, a motion for new trial is within the sound discretion of the trial court. See, Jawad v. Granade, 497 So.2d 471, 477 (Ala. 1986). This Court will not reverse a judgment based on a jury verdict on the ground that the evidence was insufficient unless the evidence, when viewed in a light most favorable to the nonmov-ant, shows that the verdict wás ‘plainly and palpably wrong and unjust.’ Christiansen, 567 So.2d at 1341.”
Carter v. Henderson, 598 So.2d 1350, 1354 (Ala. 1992).
“ ‘The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs’ performance under the contract; (3) the defendant’s nonperformance; and (4) resulting damages.’” Shaffer v. Regions Fin. Corp., 29 So.3d 872, 880 (Ala. 2009) (quoting Reynolds Metals Co. v. Hill, 825 So.2d 100, 105 (Ala. 2002)). There was no dispute that the parties had been bound by a valid contract and that Golden had performed under the contract. Moreover, the jury could have determined that, because Velasquez had testified that she had not refused to pay the $9,540, Golden had not met his burden to prove her nonperformance.
“[I]t is the duty of the [trier of fact] to resolve conflict in testimony and render judgment accordingly. Jones v. LeFlore, 421 So.2d 1287 (Ala. Civ. App. 1982). Where the [trier of fact] resolves a factual issue on conflicting evidence, the reviewing court may not reverse it if there is any credible evidence to support the judgment. Jones v. Jones, 470 So.2d 1207 (Ala. 1985).”
Big Thicket Broad. Co. of Alabama v. Santos, 594 So.2d 1241, 1243-44 (Ala. Civ. App. 1991). Based on the above reasoning, the circuit court upheld the jury’s verdict and denied Golden’s motion for a new trial. Such a decision rests within the sound discretion of the trial court. See Jawad v. Granade, 497 So.2d 471, 477 (Ala. 1986).
“This appeal is governed by certain well-established principles. Foremost, perhaps, is the principle that trial courts do have the power to grant motions for new trials in order to prevent irrevocable damage. Such power should be hesitantly exercised, because the verdict of a jury results from one of the most precious rights in our system of government, that is, the right of trial by jury. *374 However, coupled with this principle of law, is a consistent principle that the power to set aside the verdict of a jury may be exercised when it affirmatively appears that the substantial ends of justice require the examination of facts by another jury. Walker v. Henderson, 275 Ala. 541, 156 So.2d 633 [ (1963) ].”
Lee v. Moore, 282 Ala. 461, 463, 213 So.2d 197, 198(1968).
In his appellant’s brief, Golden refers to the evidence presented regarding his refusal to accept Velasquez’s offer to pay him $9,540; however, he fails to develop a legal argument, with citation to supporting authority, asserting that Velasquez was liable for damages for breach of contract despite her offer. It is well settled that an appellate court
“will not ‘create legal arguments for a party based on undelineated general propositions unsupported by authority or argument;’ Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala. 1992). Further, it is well settled that ‘ “[w]here an appellant fails to cite any authority for an argument, this Court may affirm the judgment as to those issues, for it is neither this Court’s duty nor its function to perform all the legal research for an appellant.” ’ Spradlin v. Birmingham Airport Auth., 613 So.2d 347, 348 (Ala. 1993) (quoting Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212, 216 (Ala. 1990)).”
Allsopp v. Bolding, 86 So.3d 952, 960 (Ala. 2011).
Based upon the arguments presented on appeal, we conclude that, when viewed in the light most favorable to Velasquez, the evidence presented is sufficient to support the jury verdict, the verdict is not plainly and palpably wrong, and the circuit court did not err by denying the motion for a new trial.
AFFIRMED.
. Pittman, Moore, and Donaldson, JJ., concur.
Thompson, P.J., and Thomas, J., concur in the result, without writings.

. The complaint actually states a cause of action for "work and labor done," which was thereafter referred to as a claim based on the theory of quantum meruit. See Frank Crain Auctioneers, Inc. v. Delchamps, 797 So.2d 470, 474 (Ala. Civ. App. 2000) (explaining that the theories of quantum meruit or work and labor done "are methods of avoiding unjust enrichment”).