Plaintiff appeals from the trial court's entry of summary judgment in favor of all defendants in a wrongful death suit alleging medical malpractice.
On July 17, 1984, plaintiff filed the present lawsuit against Doctors Nolin, Ingram, West, and Holloway; Physician Associates of Atmore, a professional association operated by defendants Nolin and Ingram; and the University of South Alabama Medical Center, where defendants West and Holloway were practicing at the time of the death of plaintiff's husband (referred to herein as "decedent"). Plaintiff's complaint averred that plaintiff was the personal representative of decedent and that this suit was brought in both her individual and representative capacities.
On July 20, 1984, plaintiff executed a release in favor of "Escambia Hospital Board d/b/a Greenlaw Hospital and all its employees and St. Paul Fire Marine Insurance Companies and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned." The consideration for the release was $35,000.
After a hearing on the motion to dismiss filed by defendants Nolin, Ingram, and *Page 429 
Physician Associates of Atmore, the trial court dismissed counts one and two of the complaint, which sought damages for personal injuries suffered by the decedent and for loss of consortium, respectively, on the ground that those claims did not survive the decedent. The trial court denied the motion to dismiss as to count three, which states a claim for wrongful death, but struck the ad damnum clause of that count as violative of Code of 1975, § 6-5-483.
All defendants filed motions for summary judgment, which were granted by the trial court. The motions of defendants Nolin, Ingram, Physician Associates of Atmore, West, and Holloway were based on the release. Defendant University of South Alabama Medical Center's motion asserted sovereign immunity. Plaintiff appeals from the orders of the trial court granting defendants' motions for summary judgment. Because the summary judgment order in favor of West and Holloway was a final judgment pursuant to Rule 54 (b), A.R.Civ.P., and the notice of appeal was not filed within 42 days of that order, the appeal was dismissed as to West and Holloway.
Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56 (c), A.R.Civ.P. If the material facts are not in dispute, a question of law is presented to be decided by the trial court. Kitchensv. Winn-Dixie, Montgomery, Inc., 456 So.2d 45, 47 (Ala. 1984). However, if there is a disputed material fact, even a scintilla of evidence supporting the nonmoving party will preclude summary judgment. White v. White, 431 So.2d 1208, 1209 (Ala. 1983).
The trial court found as a matter of law that the release was dispositive of the present suit. Plaintiff argues, however, that she signed the release as an individual only, and, therefore, that as decedent's personal representative she is not prevented from pursuing an action for wrongful death. Since we find at least a scintilla of evidence of a genuine issue of material fact, namely the intent of the parties to the release regarding the capacity of plaintiff, we reverse the entry of summary judgment and remand for further proceedings.
When considering the effect of a release, courts must ascertain the intent of the parties to the release. Code of 1975, § 12-21-109; Alabama Power Co. v. Blount Brothers Corp.,445 So.2d 250, 252 (Ala. 1983). As with other contracts, where the language of a release is clear and unambiguous, its effect can be determined as a matter of law and extrinsic evidence is inadmissible to vary its terms. Finley v. Liberty Mutual Ins.Co., 456 So.2d 1065, 1067 (Ala. 1984). However, if the instrument is ambiguous in any respect, extrinsic evidence is admissible to show the intent of the parties, which is a question for the finder of fact. Mass. Appraisal Services, Inc.v. Carmichael, 404 So.2d 666, 673 (Ala. 1981). The initial determination of whether the contract is ambiguous is a question of law. Id.
A contract which is clear on its face nevertheless may be ambiguous if there is a collateral matter which makes its meaning uncertain. This concept of a "latent" ambiguity is an exception to the general rule that the court cannot look at matters extrinsic to a facially clear and definite contract.Carmichael, 404 So.2d at 672.
In the present case, the release plainly states that it discharges "all actions, claims, and demands" arising from the accident "for which the Undersigned claims the said persons or parties are legally liable in damages." The undersigned warrants that she is "legally competent" to execute the release. The signature reads "Mrs. Raymond E. Williams," without any indication of any representative capacity. On its face, the release appears to apply only to claims by plaintiff as an individual. Cf. Wood v. Dunlop, 8 Wn. App. 957,510 P.2d 260, 263 (1973), modified, 83 Wn.2d 719, 521 P.2d 1177
(1974). However, considering the complaint which plaintiff had filed three days before executing the release, the effect of the language of the *Page 430 
release becomes uncertain. The complaint was filed by plaintiff both as an individual and as administratrix of decedent's estate. The complaint asserted claims by plaintiff in both capacities. The wrongful death claim, which must be brought by plaintiff in her representative capacity, was the only one of the claims which the trial court subsequently found to be viable.
Defendants Nolin, Ingram, and Physician Associates of Atmore concede in their brief before this Court that a latent ambiguity exists in the release in view of the complaint. Defendants argue that the trial court properly resolved that ambiguity in their favor. As we stated above, however, resolution of an ambiguity in a writing is a question of fact.Carmichael, 404 So.2d at 673. The trial court erred in determining the effect of the release as a matter of law. Summary judgment in favor of defendants Nolin, Ingram, and Physician Associates of Atmore is reversed and the case is remanded for the factfinder to receive evidence on the intent of the parties to the release regarding the capacity in which plaintiff executed the release and to make a determination of that issue.
Plaintiff's second issue is that the trial court erred in holding that her suit against defendant University of South Alabama Medical Center was barred by sovereign immunity. We have addressed this issue in the case of Sarradett v.University of South Alabama, 484 So.2d 426 (Ala. 1986). In that case, this Court found that the medical center was immune from suit. Plaintiff argues that this immunity is not absolute and cites DeStafney v. University of Alabama, 413 So.2d 391 (Ala. 1981). DeStafney, however, discusses exceptions to the doctrine of immunity where suit is against a State official or employee.See also Ex parte Carter, 395 So.2d 65, 68 (Ala. 1980). In this case, the defense of sovereign immunity has not been asserted by the defendant doctors employed by the medical center but only by the medical center itself.
The trial court properly granted summary judgment in favor of this defendant.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, FAULKNER, ALMON and ADAMS, JJ., concur.