[1] This appeal came to this Court styled First Financial InsuranceCo. v. James R. Tillery and Green Tree Acceptance, Inc. It appears from the record and the notice of appeal that Green Tree is not a party to this appeal. Accordingly, we have restyled this appeal.
James R. Tillery sued First Financial Insurance Company ("First Financial"), seeking damages for breach of contract and bad faith refusal to pay insurance benefits. The jury returned a verdict for Tillery and the trial court entered a judgment on that verdict. First Financial appeals.
Tillery alleged that First Financial had breached its insurance contract with him by refusing to pay his claims after his mobile home was destroyed by fire, and he claimed that First Financial's refusal was in bad faith. The jury awarded Tillery $64,750 in compensatory damages on the breach of contract claim and $75,000 in punitive damages on the bad faith claim. *Page 1254 
The central issue raised in this appeal is whether the trial court erred in denying First Financial's motions for summary judgment and for judgment notwithstanding the verdict. Because we find substantial evidence on which the trial court could rest its decision to submit the issues to the jury, we affirm.
 Facts
In July 1990, Tillery contacted Roger Downs, at Roger Downs Insurance Agency, about insuring his mobile home. Downs visited Tillery to complete an application for coverage. After the application was completed, Downs forwarded it to Strickland General Agency, Inc., First Financial's general agent, for processing and First Financial issued a policy on the mobile home. On April 29, 1991, Tillery's mobile home was destroyed by fire and Tillery reported the loss to Downs. During its investigation of the loss, Strickland and First Financial found that Tillery's application for insurance contained omissions and misrepresentations about prior losses and, in accordance with a statement on the application, First Financial voided the policy and refunded Tillery's premiums. Tillery sued Downs, the Downs Agency, the Strickland General Agency, and First Financial.
 I. Jury Verdicts
First, we note that a strong presumption of correctness attaches to a jury verdict in Alabama, if the verdict passes the "sufficiency test" presented by motions for directed verdict and JNOV. Christiansen v. Hall, 567 So.2d 1338, 1341
(Ala. 1990); Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160
(Ala. 1988). This presumption of correctness is further strengthened by the trial court's denial of a motion for new trial. Christiansen, 567 So.2d at 1341. Denying these motions is within the sound discretion of the trial court. See, Jawadv. Granade, 497 So.2d 471, 477 (Ala. 1986).
This Court will not reverse a judgment based on a jury verdict on a sufficiency of the evidence basis unless the evidence, when viewed in a light most favorable to the appellee, shows that the verdict was "plainly and palpably wrong and unjust." Christiansen, 567 So.2d at 1341. In its sound discretion, the trial court found genuine issues of material fact and allowed certain issues to go before the jury. The trial court denied First Financial's motions for directed verdict, JNOV, and new trial. Based on our review of the record, we cannot say that the verdict was plainly and palpably wrong or unjust.
 II. Summary Judgment Motion
First Financial argues that the trial court erred in denying its motion for summary judgment. For a summary judgment to be proper, there must be no genuine issue of material fact and the movant must be entitled to a judgment as a matter of law. Ala.R.Civ.P. 56(c), Tripp v. Humana, Inc., 474 So.2d 88
(Ala. 1985). Further, on review of a summary judgment we must view all the evidence in a light most favorable to the nonmovant and we must entertain all reasonable inferences from the evidence in favor of the nonmovant. Fincher v. RobinsonBros. Lincoln-Mercury, 583 So.2d 256 (Ala. 1991). See, also,Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
The movant must make a prima facie showing that there are no genuine issues of material fact and that he is entitled to a judgment as a matter of law. Fincher, 583 So.2d at 257. If this showing is made, the burden then shifts to the nonmovant to rebut the movant's prima facie showing by "substantial evidence" to create a genuine issue of material fact. Section12-21-12, Ala. Code 1975. The record showed disputed factual issues to be decided by the jury; therefore, First Financial was not entitled to a summary judgment.
First Financial cites Clark v. Alabama Farm Bureau MutualCasualty Insurance Co., 465 So.2d 1135, 1140
(Ala.Civ.App. 1984), for the proposition that misrepresentations by an insured need not be "intentional for an insurance company to void a policy, if the facts concealed were material and they increased the loss." First Financial argues that even if Downs made the misrepresentations regarding Tillery's former losses, and not Tillery himself, the misrepresentations were material to First Financial's acceptance of the risk and should permit First Financial to void Tillery's coverage. However, Tillery *Page 1255 
submitted substantial evidence raising factual issues about the origin of the misrepresentations[2] and about the materiality of the representations. There was also disputed evidence as to which underwriting standards were to apply to Tillery's application.
In Hyde v. Humana Insurance Co., 598 So.2d 876, 880-81
(Ala. 1992), this Court stated that because it was impossible to answer the question from the language of an insurance policy "transplant rider," the question of "exactly what 'written criteria and procedures' would be used to deny or to provide coverage for a transplant" was one for a jury. In Hyde, "[i]n moving for a summary judgment, Humana had the burden of making a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law" (citations omitted). First Financial likewise failed to meet the burden, and the trial court correctly submitted these issues to the jury.
First Financial argues that had it known the truth regarding Tillery's prior losses, it would not have issued a policy of insurance to cover Tillery's mobile home. However, insurers are not allowed to avoid coverage in every case of a misstatement by an insured, and the insurer cannot be allowed automatically to avoid coverage simply because its own employee testified that the company would not have undertaken the risk had it known the truth as to the particular fact. State Farm GeneralInsurance Co. v. Oliver, 658 F. Supp. 1546 (N.D.Ala. 1987),aff'd., 854 F.2d 416 (11th Cir. 1988).
Finally, Tillery argues that it was Downs who made misrepresentations on the application and that Downs was an agent of First Financial. In order for an insurer to avoid coverage under § 27-14-7, Ala. Code 1975, "the representation or omission must have been 'material' to the acceptance of the risk. The question of whether a particular fact is or is notmaterial is almost invariably a question for the jury, which is entitled to consider the factual context in which the determination is to be made." Oliver, 658 F. Supp. at 1552. The trial court properly submitted to the jury the questions of the existence and scope of the agency relationship between Downs and First Financial.
 III. Motions for Directed Verdict and Judgment Notwithstanding the Verdict
A motion for a directed verdict is a procedural device by which one party tests the sufficiency of the other party's evidence. See, Rule 50(a), Ala.R.Civ.P.; Alabama Power Co. v.Williams, 570 So.2d 589 (Ala. 1990); John R. Cowley Bros.,Inc. v. Brown, 569 So.2d 375, 376 (Ala. 1990); J. Hoffman S. Guin, Alabama Civil Procedure § 8.37 (1990). Similarly, a motion for JNOV simply "permits the trial court to revisit its earlier ruling denying the motion for directed verdict."Alabama Power Co. v. Williams, 570 So.2d at 591. The ultimate question, of course, as to either motion is whether the nonmovant has presented sufficient evidence to allow submission of the case or issue to the jury for a factual resolution. Hoffman Guin, supra, at § 8.37.
For actions filed after June 11, 1987, the standard of review applicable to motions for directed verdict and JNOV is the "substantial evidence rule." See, § 12-21-12(a), Ala. Code 1975;Koch v. State Farm Fire Cas. Co., 565 So.2d 226, 228
(Ala. 1990). Thus, in an action filed after June 11, 1987, a nonmovant must present "substantial evidence" supporting each element of his cause of action or defense in order to withstand a motion for a directed verdict or JNOV. "Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989); see Ala. Code 1975, § 12-21-12.
This calls for "a purely objective determination of whether the party having the burden of proof has produced [sufficient] evidence [of a factual dispute] requiring resolution by the jury." Ex parte Oliver, 532 So.2d 627, 628 (Ala. 1988); and see,John R. Cowley *Page 1256 Bros., Inc. v. Brown, 569 So.2d at 375. Additionally, in reviewing a motion for directed verdict or for JNOV, this Court must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable evidentiary inferences as the jury has been free to draw. Williams v.Allstate Ins. Co., 591 So.2d 38 (Ala. 1991).
We conclude, after thoroughly reviewing the record, that Tillery presented more than sufficient evidence to create factual disputes requiring resolution by the jury.
 IV. Waiver
First Financial argues that Tillery's misrepresentations as to prior losses entitles it to void the policy. The general rule is that "[a]n insurance company does not normally have a duty to inquire further to verify that an applicant has told it the truth." Old Southern Life Insurance Co. v. Spann,472 So.2d 987, 989 (Ala. 1985). Indeed, "[a]n insurer has the right to expect applicants for insurance policies to tell the truth."Id. Alabama has written this policy into law, § 27-14-7(a)(3), Ala. Code 1975, which permits insurers "to contractually require applicants for insurance to tell the truth upon penalty of a voidance of the contract." State Farm General Insurance Co. v.Oliver, 658 F. Supp. 1546, 1550 (N.D.Ala. 1987).
However, "the law of Alabama is clear that an insurance policy cannot be voided if the insurer either knew the true facts or had sufficient indication that would put a prudent person on notice so as to induce inquiry which, if done with reasonable thoroughness, would have revealed the truth."Oliver, 658 F. Supp. at 1552. Tillery argues that even if misrepresentations or omissions were made so that coverage would be voided if the facts concealed were material and increased the risk, First Financial was put on notice so that further inquiry was required in regard to Tillery's application. Tillery contends that First Financial's failure to investigate amounted to a waiver. In Bankers Life CasualtyCo. v. Long, 345 So.2d 1321 (Ala. 1977), we examined whether an insurance application can create a duty on the part of the insurer to inquire further into an applicant's medical history, so that the failure to do so precludes the insurer from voiding the policy on the ground of misrepresentation. In Long, we answered the question in the affirmative.
There was evidence that First Financial had previously paid one of Tillery's losses and that this loss was one of those not disclosed on Tillery's application. This evidence, if believed by the trier of fact, was sufficient to show that First Financial should have been on notice that further inquiry was necessary. In short, the jury could have found that, with a minimum of inquiry, First Financial could have checked its records and found that Tillery's application misrepresented the actual facts. See, American Casualty Co. v. Wright,554 So.2d 1015 (Ala. 1989).
For the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ. concur.
[2] Tillery asserted that he never filled out the insurance application, that he did not provide the information required to answer the questions material to assuming the risk, and that he did not sign the application.