KENNEDY, Justice.
This medical malpractice case involves the death of an infant, Corey Sullivan, after emergency room treatment by the defendant physician, Dr. Matthew Mihelic. At trial, the jury awarded damages of $500,000 to the plaintiffs, Corey’s parents. Dr. Mihelic moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial or a remittitur. Dr. Mihelic appeals. The issue here is whether he was entitled to a new trial on the basis that the trial court erred in permitting a medical expert to testify to matters beyond her qualifications.[1]
The parties agree that the witness, Dr. Layne Layton, could properly, under Ala. Code 1975, § 6-5-548, testify to opinions as to the standard of care applicable to Dr. Mihelic in a hospital emergency room setting — where Dr. Mihelic had treated and released Corey.[2] Similarly, the plaintiffs’ arguments indicate that they agree that under § 6-5-548 Dr. Layton, who is not board certified in any specialty, could not testify against Dr. Mihelic as to what the standard of care required of him, a board certified family practitioner, in regard to post-admission hospital care.[3] Accepting these propositions, arguendo, and having carefully reviewed the plaintiffs’ argument on this issue — that Dr. Layton’s testimony cannot reasonably be characterized as offering an opinion on the standard of care required of Dr. Mihelic as to post-admission care — we hold that the trial court erred in denying Dr. Mihelic’s motion for a new trial.
The record reveals that Dr. Layton was allowed to testify, over the objection of Dr. Mihelic, as to the standard of care applicable to Dr. Mihelic in a post-admission setting. For example, Dr. Layton testified:
“The minimum standard would have dictated that Corey Lynn Sullivan be admitted to the hospital and be evaluated with blood cultures, with blood counts, with urinalysis, urine cultures, spinal tap, spinal fluid cultures, IV fluids, IV antibiotics, oxygen, and then be monitored very closely.”
R.T. 563; see R.T. 583 (Dr. Layton testifying similarly a second time).
We agree with Dr. Mihelic that Dr. Layton was improperly permitted to testify as to the standard of care required of Dr. Mihelic in regard to post-admission hospital care. As stated, the parties’ arguments indicate an agreement that Dr. Layton should not have been permitted to offer such opinions. Accordingly, we reverse the judgment and remand.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, and COOK, JJ., concur.

. The parties discuss other issues, hut because we find this issue to be dispositive, we do not reach those other issues.

. Section 6-5-548(e) provides, in pertinent part, that a "health care provider” can testify as an expert against another health care provider, in an action “for injury or damages” against that provider, only if the witness is a "similarly situated health care provider,” as that phrase is defined in § 6-5-548.
For a full discussion of § 6-5-548 and the requirement that "standard of care” testimony come from a "similarly situated health care provider,” see Medlin v. Crosby, 583 So.2d 1290 • (Ala.1991).

.It was Dr. Layton's opinion that Corey should have not been discharged from the emergency room, but transferred for admission to the hospital.