HOOPER, Chief Justice
(dissenting).
I must respectfully dissent.
This ease involves the interpretation of a release (and an exception thereto) executed by Jim Mullis in favor of Alfa Mutual Insurance Company. Mullis had a farm owner’s policy with Alfa. After his farm suffered tornado damage, he made a claim for coverage. Alfa paid him in full for all of his property damage. Mullis inquired about loss-of-income coverage, and Alfa informed him that he did not have such coverage.
In consideration for the payment of the claims relating to property damage, Mullis’s attorney had drafted a release in favor of Alfa, which stated:
“This release applies to any and all claims or liability arising frbm the handling and payments of all claims made by the undersigned under the aforesaid policy.
“Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above, except: The parties acknowledge and agree that this release does not operate to bar or prevent Mullis from making a claim for loss of income and the parties further agree that Alfa does not admit; concede or acknowledge that Mullis is entitled to recover for any loss of income claim."
(Emphasis added.) Mullis signed the release.
Mullis filed a tort action against Alfa, alleging that it had negligently failed to tell him about the availability of loss-of-ineome coverage. Alfa argued that the release left open only a contract claim for Mullis (as opposed to a tort claim). This appeal (by permission, see Rule 5, Ala. R.App. P.) arises from the denial of Alfa’s summary judgment motion. The trial judge determined that the interpretation of the release was a question of fact for the jury, regardless of whether it was ambiguous or unambiguous. In his order denying the motion for summary judgment, the trial judge stated:
“The language in discussing possible loss of income claim states a claim in one part and any claim in another. If the court finds that the language is unambiguous in this clause, it would appear that the ordinary meaning of the words of this clause would be that any or a claim for loss of income was not released by the document. If the court finds the language is ambiguous in this clause and the affidavits filed by Plaintiff are considered, then it would appear that the intent of the parties was to leave open the possibility of claims concerning the loss of income issue. In either case, the issue concerning claims over loss of income would become a question of fact for the finders of fact.”
*783 I agree that an ambiguous release should be submitted to the trier of fact for interpretation. Williams v. Nolin, 484 So.2d 428 (Ala. 1986). Also, I agree that the trier of fact may use extrinsic evidence to interpret an ambiguous release. Williams, 484 So.2d at 429. However, I do not think this release is ambiguous. Also, I disagree with the trial judge’s holding that an unambiguous interpretation of this release required submission to the jury.
I would hold that the exception reserved only a contract claim, not a tort claim, and that it did so unambiguously. The trial judge apparently based his holding that the exception could allow a tort claim on the fact that in one clause the exception refers to “a claim for loss of income” and in the next clause refers to “any loss of income claim.” I do not understand this interpretation. The trial judge ignored the fact that the words “a” and “any” both refer to a claim for loss of income. The exception does not say “a claim for loss of income” and “any claim.” The word “any” still refers to a claim for loss of income. As explained below, I believe that reserving “a” claim, or “any” claim, for loss of income unambiguously saves Mullis a contract claim only.
The release applies “to any and all claims or liability.” Thus, the release applies to “liability,” as well as to “claims.” The exception applies only to “claims”; it does not mention liability. Nothing within the clause reflects Mullis’s contentions that he intended to reserve a tort claim. There is no tort known as “loss of income.” It would be a different situation if Mullis had reserved, e.g., “a claim for negligence” instead of “a claim for loss of income.” Had Mullis intended the result for which he is arguing, he would have more explicitly explained what claims he intended to reserve. Mullis’s lawyer should have drafted the exception more specifically. The release clearly did not reserve a claim based on a negligent failure to inform Mullis about the availability of loss-of-income coverage.
“If the parties had wanted to limit the release, they could have expressly reserved and excepted certain claims, including tort claims, from the release.” Regional Health Services, Inc. v. Hale County Hospital Bd., 565 So.2d 109, 114 (Ala.1990). The construction and legal effect of an unambiguous release are questions of law that may be decided on a motion for summary judgment. Wayne J. Griffin Electric, Inc. v. Dunn Construction Co., 622 So.2d 314, 316-17 (Ala.1993). “The mere fact that the parties argue different constructions of the document does not force the conclusion that the disputed language is ambiguous.” Id. at 317. I believe the release unambiguously reserves a contract claim only. Therefore, I believe the trial court erred in denying Alfa’s motion for summary judgment.
SEE, J., concurs.1