770 So.2d 86 (1998)
Donald J. VINCENT
v.
FIRST ALABAMA BANK.
First Alabama Bank
v.
Donald J. Vincent.
2961386.
Court of Civil Appeals of Alabama.
October 23, 1998.
*87 Robert F. Prince and Erby J. Fischer of Prince, Poole & Cross, P.C., Tuscaloosa, for appellant/cross appellee Donald J. Vincent.
Michael D. Smith, R. Cooper Shattuck, and Elizabeth F. Colwick of Hubbard, Smith, McIlwain, Brakefield & Shattuck, Tuscaloosa, for appellee/cross appellant First Alabama Bank.

*88 On Applications for Rehearing

MONROE, Judge.
The opinion of July 24, 1998, is withdrawn and the following is substituted therefor.
Donald Vincent sued First Alabama Bank and Betty Jo Vincent, his wife, alleging negligence, breach of contract, conversion, and wantonness claims. Vincent alleged that he had rented two safe deposit boxes from the bank and had placed $500,000 in cash and certificates of deposit in the boxes. However, he claims that when he opened the boxes on November 21, 1991, the boxes were empty. Vincent alleges that Betty Jo Vincent, his wife, gained unauthorized access to the boxes and removed the money. The bank filed a cross-claim against the wife.
A jury returned a verdict in favor of Vincent against the bank on the negligence claims and against the wife on the conversion claim, awarding him $10,000 in damages. The jury found in favor of the bank on Vincent's breach of contract and wantonness claims. The jury found in favor of the bank on its cross-claim against the wife and awarded it $10,000. Thereafter, Vincent filed a motion for a new trial and the bank renewed its earlier motion for a judgment as a matter of law. The trial court denied both motions. Vincent and the bank appealed.
Vincent contends that the court erred in denying a new trial because, he argues: (1) the damages were inadequate, (2) the trial court erred by refusing to admit certain evidence offered by Vincent, and (3) the court erred in refusing to grant Vincent's Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion regarding a prospective juror. The only issue properly raised by Vincent on appeal is the adequacy of damages. "In Alabama, the party who prevailed in the trial court can appeal only on the adequacy of the damages awarded." Nichols v. Perryman, 615 So.2d 636, 637 (Ala.Civ.App. 1992); citing Cleveland v. Gilbert, 473 So.2d 1075 (Ala.Civ.App.1985); see also Ex parte Weyerhaeuser Co., 702 So.2d 1227, 1228 (Ala.1996). Thus, we will address only the adequacy of the damages.
The ruling on a motion for new trial rests within the discretion of the trial court; that ruling is entitled to a strong presumption of correctness, and it will not be disturbed on appeal unless the record plainly and palpably shows that the trial court erred and that some legal right has been abused. McBride v. Sheppard, 624 So.2d 1069, 1070-71 (Ala.1993). When a motion for a new trial is based on an alleged inadequacy of damages, we should consider "whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and whether the verdict fails to give substantial damages for substantial injuries." Barnett v. Sain, 599 So.2d 1216, 1217 (Ala.Civ.App.1992) (citation omitted).
Vincent sought damages of $500,000; however, the jury awarded him $10,000. Vincent testified that he had $500,000 in cash and certificates of deposit and that he separated the money into sacks of $20, $50 and $100 bills, and placed the money and certificates of deposit into 2 large paper bags. Vincent stated that he took the bags to the bank and placed them in his safe deposit boxes. The only evidence that there was $500,000 in the safe deposit boxes was the testimony of Vincent himself. Vincent explained how he had accumulated the $500,000. However, there was much testimony to contradict Vincent's testimony and to suggest that there was less than $500,000 in the boxes. In fact, in its order, the trial court stated, "[T]his court cannot recall any other trial it has presided over in which a witness was more thoroughly impeached and contradicted than was Mr. Vincent in this trial." In addition, Vincent admitted that he had falsely accused his wife from his first marriage of stealing money.
*89 The wife's deposition was read at trial. In that deposition, she stated that she had gained access to the safe deposit boxes by presenting herself as Vincent's sister. In addition to himself, Vincent had authorized two people, his sister and one of his employees, to have access to the boxes. The wife stated that she signed the sister's name on the access form she was given at the bank. There was testimony that this signature did not match the sister's signature the bank had on file. The wife stated that the bank did not request any kind of identification. She testified that there were very small brown sacks containing money in the safe deposit boxes. She stated that she did not take any money out of the boxes.
Donald Jones, the wife's son, testified. He stated that he provided his mother with transportation to the bank. He testified that his mother entered the bank carrying only her purse and that she returned carrying only the purse. The wife argued that she could not have carried $500,000 in her purse. The jury was shown a purse similar in size to the purse Jones described.
Vincent offered the wife's purchases to establish the amount of money she took from the safe deposit box. There was testimony that she had taken vacations, that she had purchased expensive telephones for her grandchildren, and that she had spent $10,000 for portraits of her grandchildren. However, there was testimony that much of this spending occurred before the date Vincent alleges the wife took the money. Further, as the trial court points out in its order, there was conflicting testimony regarding all the wife's unusual purchases, except the $10,000 she paid for the portraits.
The assessment of damages is a matter resting largely within the discretion of the jury, and jury verdicts are afforded a strong presumption of correctness. Paschal v. Nixon, 646 So.2d 110 (Ala.Civ.App.1994); Brannon v. Webster, 562 So.2d 1337, 1339 (Ala.Civ.App.1990). The jury has the exclusive right to weigh the evidence, decide the credibility of the witnesses, and draw inferences from the evidence before it. Brannon, 562 So.2d at 1339. In light of the presumption of correctness to be afforded to a jury verdict, we find sufficient evidence to support the award of $10,000. Therefore, we affirm the court's denial of Vincent's motion for a new trial.
The bank cross appeals, arguing that the trial court erred in denying its motion for a judgment as a matter of law. The bank claims it was entitled to a judgment as a matter of law because, it argues, Vincent failed to produce substantial evidence to support his negligence claim. To establish negligence, a plaintiff must show that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, that the plaintiff suffered a loss or injury, and that the defendant's negligence was the actual and proximate cause of that loss or injury. Lollar v. Poe, 622 So.2d 902 (Ala.1993).
A renewed motion for a judgment as a matter of law simply provides the trial court with an opportunity to review its earlier ruling denying a motion for a judgment as a matter of law. First Financial Ins. Co. v. Tillery, 626 So.2d 1252, 1255 (Ala.1993). These motions permit the trial court to determine whether the nonmovant has presented substantial evidence to support each element of her cause of action or defense. Id. Thus, in reviewing a motion for a judgment as a matter of law, this court must view all the evidence in a light most favorable to the nonmovant and must consider such reasonable evidentiary inferences as the jury could draw. Id. at 1256.
In its brief, the bank fails to cite any authority on this issue. Thus, the bank's argument on this issue fails to comply with Rule 28, Ala.R.App.P. Spradlin v. Spradlin, 601 So.2d 76 (Ala.1992). When an appellant fails to comply with Rule 28, this court will affirm the judgment of the trial court. Harris v. Harris, 528 So.2d *90 866 (Ala.Civ.App.1988). However, we note that the jury heard a week of testimony, and, after reviewing the extensive record, we conclude that the record contains substantial evidence to support the jury's finding of negligence.
The Bank also argues that it was entitled to a judgment as a matter of law because, it argues, Vincent signed a document releasing the bank from liability.
In the absence of fraud, a release supported by valuable consideration and unambiguous in meaning will be given effect according to the intentions of the parties as found within the four corners of the instrument. Boggan v. Waste Away Group, Inc., 585 So.2d 1357 (Ala.1991). Furthermore, "all receipts, releases and discharges in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto." § 12-21-109, Ala.Code 1975. If, however, the terms of the release are ambiguous, then the intention of the parties is to be determined as a question for the finder of fact, and parol evidence is admissible on that question. Nix v. Henry C. Beck Co., 572 So.2d 1214 (Ala.1990). The question whether a release is ambiguous is a question of law to be decided by the court. Id.
The day Vincent discovered his wife's unauthorized entry into his safe deposit boxes, he requested that the boxes be closed. Vincent did not inform the bank that there was problem; he just informed a bank employee that he wished to close the boxes. Vincent stated that he was given a sheet of paper and was told by a bank employee that, to close the boxes, he would have to sign a form. Vincent states that he did not read the form. The form provides that Vincent's boxes were closed on that day, and it further states:
"The contents of safety deposit box no. [130 and 131] having been removed, the box with 1 key is surrendered, and the bank is hereby released from all liability by the undersigned."
Vincent signed the form underneath this statement.
The trial court apparently found the release to be ambiguous and instructed the jury on the law regarding releases. We find the release language to be ambiguous in its meaning and incomplete on its face.
The dissent finds the release to be unambiguous and refers to Regional Health Servs., Inc. v. Hale County Hosp. Bd., 565 So.2d 109 (Ala.1990). In that case, our Supreme Court reviewed several releases found to be unambiguous. None of those is comparable to the release here. For example, the release in Regional Health Servs., Inc. was a document of more than 200 words created by counsel for Regional Health Services, Inc., and counsel for Hale County Hospital Board. A portion of that release stated: "The parties are desirous of cancelling and terminating the said lease in its entirety and putting the same to rest for any claim or claims that one may have against the other...." Further, it provided, "This agreement is a release in full by both parties against the other for all damages, personal or property, that one may bring against the other from this date forward." Moreover, the releases examined in Regional Health Servs., Inc. were documents created to release parties from liability and were entitled "release." Here, however, there was no bargaining or negotiating involved in the creation or signing of the "release"; the purpose of the document Vincent signed was merely to close his safe-deposit boxes and end the bank's responsibility for the contents of the boxes.
A document is unambiguous if only one reasonable meaning emerges. Reeves Cedarhurst Development Corp. v. First Amfed Corp., 607 So.2d 184 (Ala. 1992). We agree that, in most cases, the document Vincent signed would be sufficient to release the bank from responsibility for the contents of the safe-deposit *91 boxes, the purpose for which the release appears to have been designed. However, it is unclear whether the release also was intended to absolve the bank of any responsibility for its own negligent actions. The specific facts of this case and Vincent's claim that the bank negligently allowed an unauthorized person to have access to his safe-deposit box appear to fall outside the intended purpose of the release.
Because it is unclear whether the document releases the bank from liability for its own negligent actionsapart from its responsibility for the contents of the safe-deposit boxesthe document is not sufficiently explicit to ascertain the true meaning and intentions of the parties. Under this particular set of facts, more than one reasonable meaning of the document has emerged, thereby creating an ambiguity in the document. When a release is determined to be ambiguous, the factfinder must receive evidence on the intent of the parties in order to give the release effect according to the terms and the intentions of the parties. See Williams v. Nolin, 484 So.2d 428 (Ala. 1986). The jury heard various statements in testimony relating to the parties' intentions. We find the release to be ambiguous, and we conclude that the jury's decision was supported by substantial evidence. Thus, the trial court properly denied the bank's motion for a judgment as a matter of law.
The bank further argues that it was entitled to a judgment as a matter of law because, it claims, any loss sustained by Vincent was the result of an intervening cause, the criminal conduct of a third party. The bank did not argue this in its motion for judgment as a matter of law at the close of Vincent's case or in its motion made before the case was submitted to the jury. Moreover, the bank did not argue this in its renewed motion for a judgment as a matter of law made after the jury returned its verdict. To preserve individual issues, one must include each issue in one's motion for a judgment as a matter of law. K.S. v. Carr, 618 So.2d 707 (Ala.1993). Furthermore, failing to raise or renew an issue in one's motion for judgment as a matter of law is considered a waiver as to that issue. Sears, Roebuck & Co. v. Harris, 630 So.2d 1018 (Ala.1993). Because the bank failed to preserve this issue, we will not address it.
Because the trial court's judgment is not plainly and palpably wrong, it is due to be affirmed.
OPINION OF JULY 24, 1998, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; APPLICATIONS FOR REHEARING OVERRULED AND RULE 39(k) MOTIONS DENIED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ., concur in part and dissent in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I must respectfully dissent from that portion of the opinion holding that the release signed by Vincent when he closed his safe-deposit boxes was ambiguous. The Bank argues that the release, which states that the Bank is released from "all liability," entitled it to a judgment as a matter of law. I agree. The release is in no way ambiguous. See, generally, Regional Health Servs., Inc. v. Hale County Hosp. Bd., 565 So.2d 109, 111, 113 (Ala. 1990) (discussing ambiguity in release language). A customer like Vincent signs a release when he closes his safe-deposit boxes; therefore, the customer would have no further relationship with the Bank regarding those safe-deposit boxes. The plain language of the release document releases the Bank from all liability in connection with the safe-deposit boxes; this language clearly includes any liability for past negligence regarding the now closed safe-deposit boxes. I would reverse *92 the judgment and remand with instructions for the trial court to enter a judgment as a matter of law in favor of the Bank.
THOMPSON, J., concurs.