WOODALL, Justice.
In 1990, Raymond and Brenda Sullivan took their infant son, Corey Lynn Sullivan, to the emergency room at a hospital in Talladega. Dr. Matthew F. Mihelie saw Corey and diagnosed an ear infection, an upper respiratory infection, and bronchitis. After prescribing antibiotics, Dr. Mihelie released Corey from the emergency room. Corey died at home later that same day. Subsequently, the Sullivans sued Dr. Mi-helic, alleging medical malpractice and wrongful death.
On June 1, 1995, a jury returned a verdict in favor of the Sullivans, awarding damages of $500,000. Dr. Mihelie appealed to this Court. The only issue reached by this Court was the dispositive issue of “whether [Dr. Mihelie] was entitled to a new trial on the basis that the trial court erred in permitting a medical expert to testify to matters beyond her qualifications.” Mihelie v. Sullivan:, 686 So.2d 1130, 1131 (Ala.1996). Our holding was “that the trial court erred in denying Dr. Mihelic’s motion for a new trial.” Id. Therefore, we reversed the trial court’s judgment and remanded for a new trial.
The medical expert discussed in our earlier opinion was Dr. Layne Layton. In discussing her qualifications and testimony, this Court stated:
“The parties agree that the witness, Dr. Layne Layton, could properly, under Ala.Code 1975, § 6-5-548, testify to opinions as to the standard of care applicable to Dr. Mihelie in a hospital emergency room setting — where Dr. Mihelie had treated and released Corey. Similarly, the plaintiffs’ arguments indicate that they agree that- under § 6-5-548 ' Dr. Layton, who is not board certified in ' any specialty, could not testify against •Dr. Mihelie as to what the standard of care required of him, a board certified family practitioner, in ■ regard to post-admission hospital care. Accepting these propositions, arguendo, and having carefully reviewed the plaintiffs’ argument on this issue — that Dr. Layton’s testimony cannot reasonably be characterized as offering an opinion on the standard of care required of Dr. Mihelie as to post-admission care — we hold that the trial court erred in denying Dr. Mi-helic’s motion for a new trial.”
Id. (footnote deleted). ■ After reciting a portion of Dr. Layton’s testimony, we concluded:
“We agree with Dr. Mihelie that Dr. Layton was improperly permitted to testify as to the standard of care required of Dr. Mihelie in regard to post-admission hospital care. As stated, the parties’ arguments indicate an agreement that Dr. Layton should not have been permitted to offer such .opinions. Accordingly, we reverse the judgment and remand.”

Id.

Following remand, the Sullivans filed supplemental Rule 26, Ala. R. Civ. P., information, identifying Dr- Clark Holmes as an additional expert. Dr. Mihelie moved to preclude the use of the additional expert. Dr. Mihelie also moved for a partial judgment as a matter of law, seeking to limit the standard-of-care issues, based upon this Court’s decision in the earlier appeal. The trial court granted Dr. Mihelic’s motions, stating:
“4. The Alabama Supreme Court determined that the Plaintiffs expert, Dr. Layne Layton, was not qualified to give certain standard of care testimony, e.g., *8 that she was not qualified to speak to the standard of care issues regarding admission of the patient to the hospital, evaluation of the patient with blood cultures, blood counts, urinalysis, spinal tap, spinal fluid cultures, and treatment of the patient with IV fluids, IV antibiotics, oxygen, and close monitoring. Counsel for all parties acknowledged that the Alabama Supreme Court has determined that Dr. Layton was not qualified to give standard of care testimony as to these issues in accordance with the decision in Mihelic v. Sullivan, 686 So.2d 1130 (Ala.1996).
“5. The Alabama Supreme Court decision in this case constitutes a final adjudication as to the standard of care issues regarding admission of the patient to the hospital, evaluation of the patient with blood cultures, blood counts, urinalysis, spinal tap, spinal fluid cultures and treatment of the patient with IV fluids, IV antibiotics, oxygen and close monitoring. Accordingly, Dr. Mihelic is entitled to a judgment as a matter of law with respect to these issues because these issues should not have been presented to the jury for consideration because Dr. Layton was not qualified to testify to these issues.
“6. The Court has determined that the Defendant’s Motion for Partial Judgment as a matter of law involves a controlling question of law and that an immediate appeal from this order would materially enhance the ultimate determination of this litigation and avoid protracted and expensive litigation. Because the Court has determined that Dr. Mihelic is entitled to a judgment as a matter of law on fewer than all of the Plaintiffs claims against him, and that there is no just reason for ... delay in the entry of said judgment, final judgment in accordance with the provisions of Rule 54(b), Alabama Rule of Civil
Procedure, is hereby rendered in favor of said defendant as it relates to the issues set forth hereinabove in paragraph 5. This judgment does not make a determination as to the Plaintiffs other theory of liability relative to the alleged breach of the standard of care by the Defendant in the evaluation and assessment of the deceased in an emergency room setting.
[[Image here]]
“10. The Court, in its discretion, has determined that the Motion to Preclude is due to be granted. The Defendants are bound by the respective expert witness disclosures made prior to the first trial of this cause. A party shall not be precluded from calling any expert witness listed by that party prior to the first trial of this cause. However, the parties are precluded from introducing new and/or additional experts at this time. With respect to Dr. Holmes, the Court notes that the Plaintiff concedes that Dr. Holmes’ testimony would not differ in any material way from the testimony previously given by Dr. Layton. Further, counsel for both parties have conceded in argument in open court that the Plaintiffs could submit to the jury on the sole remaining issue by presenting the testimony of Dr. Layton and/or Dr. Abramson. Accordingly, the parties are precluded from offering new and/or additional experts not previously disclosed by the parties prior to the first trial of this cause.”
The Sullivans now appeal from this order, contending that the trial court has failed to comply with our earlier mandate.
This Court, in its earlier opinion, did not limit a new trial to specific issues. This Court held only that the trial court erred in denying Dr. Mihelie’s motion for a *9 new trial. Therefore, there is no basis for the following statement by the trial court:
“The Alabama Supreme Court decision in this case constitutes a final adjudication as to the standard of care issues regarding admission of the patient to the hospital, evaluation of the patient with blood cultures, blood counts, urinalysis, spinal tap, spinal fluid cultures and treatment of the patient with IV fluids, IV antibiotics, oxygen and close monitoring.”
This Court noted in its original opinion that Dr. Mihelic, subsequent to the trial, “moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial or a remittitur.” Id. This Court did not hold that the trial court erred in fading to enter a judgment notwithstanding the verdict. This Court did not hold that the trial court erred in failing to grant a remit-titur. In fact, this Court did not address those issues. Instead, this Court did hold that the trial court erred in failing to grant a new trial, and it in no way limited the new trial to specific issues; therefore, the plaintiffs are entitled to a trial de novo. See Auerbach v. Parker, 558 So.2d 900, 902 (Ala.1989) (quoting Erbe v. Eady, 447 So.2d 778, 779 (Ala.Civ.App.1984) “ “When a case is remanded to a trial court after a decision on appeal, “issues decided by the appellate court become law of the case and the trial court’s duty is to comply with the appellate mandate.... ” The trial court is not free to reconsider issues finally decided in the mandate.’ ”). The trial court erred in granting Dr. Mihelic’s motion for a judgment as a matter of law as to some issues.
The trial court also granted Dr. Mihelic’s motion to preclude the testimony of Dr. Holmes, a board-certified family practitioner. While the trial court is afforded broad discretion concerning such matters, we find that the trial court erred in this instance. In its order, the trial court noted that the substance of Dr. Holmes’s proposed testimony would not differ in any material way from the testimony given by Dr.' Layton at trial. However, unlike Dr. Layton, Dr. Holmes is qualified to testify to the standard of care required of Dr. Mihelic in a post-admission setting. Thus, Dr. Holmes’s testimony would not be cumulative.
For the foregoing reasons, we reverse the judgment of the trial court and remand, this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON and JOHNSTONE, JJ„ concur.
LYONS, J., concurs specially.