Donald J. Vincent ("Vincent") appeals from a summary judgment entered by the Tuscaloosa Circuit Court in favor of First Alabama Bank ("the bank") and Betty Vincent following a remand by this court. In Vincent v. First Alabama Bank, 770 So.2d 86
(Ala.Civ.App. 1998) ("Vincent I"), we set forth the procedural history giving rise to those previous appeals:
 "Donald Vincent sued First Alabama Bank and Betty Jo Vincent, his wife, alleging negligence, breach of contract, conversion, and wantonness claims. Vincent alleged that he had rented two safe deposit boxes from the bank and had placed $500,000 in cash and certificates of deposit in the boxes. However, he claims that when he opened the boxes on November 21, 1991, the boxes were empty. Vincent alleges that Betty Jo Vincent, his wife, gained unauthorized access to the boxes and removed the money. The bank filed a cross-claim against the wife.
 "A jury returned a verdict in favor of Vincent against the bank on the negligence claims and against the wife on the conversion claim, awarding him $10,000 in damages. The jury found in favor of the bank on Vincent's breach of contract and wantonness claims. The jury found in favor of the bank on its cross-claim against the wife and awarded it $10,000. Thereafter, Vincent filed a motion for a new trial and the bank renewed its earlier motion for a judgment as a matter of law. The trial court denied both motions. Vincent and the bank appealed." *Page 1233 
770 So.2d at 88. In Vincent I, this court affirmed the trial court's denial of Vincent's new-trial motion, which had asserted that that court had improperly refused to admit certain evidence; we also affirmed the trial court's denial of the bank's renewed motion for a JML (see Rule 50(b), Ala. R. Civ. P.), which had asserted, among other things, that a release appearing on the form that Vincent had signed when he closed the safety-deposit boxes[1] barred his claims against the bank as a matter of law.
Vincent subsequently sought certiorari review of our affirmance in Vincent I of the trial court's denial of his new-trial motion. In Ex parte Vincent, 770 So.2d 92 (Ala. 1999) ("Vincent II"), the Alabama Supreme Court reversed this court's judgment affirming of the trial court's denial of Vincent's new-trial motion, concluding that a ledger that had been kept by Betty Vincent should have been admitted into evidence. 770 So.2d at 96. The Supreme Court remanded the cause to this court "for further proceedings consistent with [its] opinion." Id. On remand from the Supreme Court, this court reversed the trial court's order denying Vincent's new-trial motion, stating that the cause was "remanded for a new trial." Vincent v. FirstAlabama Bank, 770 So.2d 97 (Ala.Civ.App. 2000) ("VincentIII").
In January 2001, after the cause had been remanded to the trial court for a new trial, the circuit judge who had presided over the original trial left office. In August 2001, the bank filed a motion for a summary judgment. As one of its bases for that motion, the bank asserted that Vincent had released the bank from liability, citing the release addressed by this court in VincentI. The bank also asserted that Vincent's claims were barred by the doctrine of judicial estoppel because he had, according to the bank, represented under oath in previous bankruptcy proceedings and in divorce litigation with a former wife, Billie Vincent, that he did not have the $500,000 that he claimed Betty Vincent had removed from the safety-deposit boxes at the bank. The bank's summary-judgment motion was supported by, among other things, excerpts from Vincent's transcribed deposition testimony and from the transcript of his testimony at the original trial. Vincent responded by asserting, among other things, that a summary judgment based upon the release would be inconsistent with our holding in Vincent I, that a defense based upon judicial estoppel could not properly be asserted at that time, and that judicial estoppel was inapplicable under the facts of the case.
In September 2001, the successor circuit judge entered a summary judgment in favor of the bank and Betty Vincent. In its summary-judgment order, the trial court relied primarily upon the doctrine of judicial estoppel, although it also cited the release as an alternative ground. Vincent appealed to the Alabama Supreme Court, filing two notices of appeal, one as to the bank and one as to Betty Vincent; that court transferred the appeals to this court, pursuant to § 12-2-7(6), Ala. Code 1975. The appeals have been consolidated for purposes of writing our opinion.
Under Alabama law "the party moving for a summary judgment `has the burden of showing the absence of any genuine issue as to all material facts, which, under the applicable principles of substantive law, entitle it to a judgment as a matter of law.'"Garrison v. Alabama *Page 1234 Power Co., 807 So.2d 567, 569 (Ala.Civ.App. 2001) (quoting Foxv. Title Guar. Abstract Co., 337 So.2d 1300, 1303 (Ala. 1976)). We must therefore consider whether, under the applicable principles of Alabama law, the trial court's summary judgment was proper.
One of the two alternative grounds invoked by the trial court as authority for entering the summary judgment was the release executed by Vincent when he surrendered the keys to the safety-deposit boxes. However, in Vincent I, this court held that the trial court properly denied motions for judgment as a matter of law during and after the trial that squarely presented an issue whether the release was ambiguous.[2] The two judges of this court who joined the lead opinion in Vincent I
as to this issue were of the view that "more than one reasonable meaning of the document ha[d] emerged, thereby creating an ambiguity in the document." 770 So.2d at 91. Although Presiding Judge Robertson did not join the lead opinion, he concurred in the result, i.e., he agreed that affirmance of the trial court's denial of the bank's motions for a JML was correct. Thus, although two judges dissented as to the release issue in VincentI, this court's judgment of affirmance decided the issue of ambiguity in favor of Vincent, a judgment as to which the bank elected not to seek certiorari review in the Alabama Supreme Court.[3]
 "Under the doctrine of the `law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case."
Blumberg v. Touche Ross Co., 514 So.2d 922, 924 (Ala. 1987). The trial court therefore could not on remand, based on the same facts, reverse its previous judgment and hold that the release was unambiguous. See Quimby v. Memorial Parks, Inc.,835 So.2d 134, 136 (Ala. 2002). To the extent that the trial court based its summary judgment on the release, it erroneously went beyond the mandate of this court.
In contrast, the applicability of the doctrine of judicial estoppel was not litigated by the parties in the earlier appeal; neither this court nor the Supreme Court has yet addressed that issue. As we have stated, the Supreme Court, on certiorari review in Vincent II, reversed this court's judgment affirming the trial court's denial of Vincent's motion for a new trial. On remand from the Supreme Court, this court reversed the trial court's judgment and remanded the cause "for a new trial."Vincent III, 770 So.2d at 97. Our general remand in VincentIII for a new trial did not limit the subsequent proceedings except insofar as this court and the Supreme Court in Vincent I
and Vincent II had indicated the law of the case. See Sullivanv. Mihelic, 808 So.2d 6, 9 (Ala. 2001) (where an appellate court held that the trial court erred in failing to grant a new trial, but did not limit the new trial to specific issues, the trial court erred in limiting the scope of the new trial). The bank asserted estoppel as a defense in its *Page 1235 
answer, and the trial court, in the exercise of sound judicial discretion, was authorized to permit the bank to argue that Vincent's claims were barred by the doctrine of judicial estoppel. See Federal Land Bank of New Orleans v. First Nat'lBank of Scottsboro, 237 Ala. 84, 88, 185 So. 414, 417 (1938);see also Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251
(Ala. 1985) (affirming a summary judgment entered by the trial court based upon a ground not asserted by the movant until after the deliverance of the opinion in the earlier appeal).
However, on the merits, we cannot conclude that the doctrine of judicial estoppel bars Vincent's claims against the bank. Our Supreme Court, in Jinright v. Paulk, 758 So.2d 553 (Ala. 2000), set forth the following pertinent principles that govern the application of that doctrine in Alabama courts:
 "The doctrine of judicial estoppel `applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Judicial estoppel looks to the connection between the litigant and the judicial system[,] while equitable estoppel focuses on the relationship between the parties to the prior litigation.' The doctrine is applied to uphold the integrity of the judicial system. However, this Court has recognized a number of limitations upon the rule against asserting inconsistent positions in judicial proceedings.
 "`"The following have been enumerated as essentials to the establishment of an estoppel under the rule that a position taken in an earlier action estops the one taking such position from assuming an inconsistent position in a later action: (1) The inconsistent position first asserted must have been successfully maintained; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel must have been misled and have changed his position; and (6) it must appear unjust to one party to permit the other to change."'
 "Thus, a party may not claim the benefit of the doctrine of judicial estoppel unless the party can demonstrate that the party against whom the estoppel is sought procured a judgment in its favor as a result of the inconsistent position taken in the prior proceeding. Moreover, the party claiming the estoppel must have been misled by the conduct of the party against whom the estoppel is sought, and consequently changed its position to its prejudice."
758 So.2d at 555 (emphasis added; citations omitted).
In this case, Vincent has admitted that he testified in depositions and in trial proceedings in a 1982 bankruptcy case involving a corporation Vincent owned and in a 1985 divorce action involving his marriage to Billie Vincent that he did not have the money he claims to have placed in the safety-deposit boxes at the bank. Specifically, Vincent did not report $500,000 in cash and cashier's checks to the bankruptcy court, but concealed that money from that court and from his creditors and lied during a creditors meeting in that case because he wanted to retain those funds after the conclusion of the bankruptcy proceedings. Moreover, Vincent apparently informed Billie Vincent of his intent to defraud the bankruptcy court, but later, under oath in the subsequent divorce proceedings, denied having had that money and having had a safety-deposit box. Vincent's position in this litigation with the bank is apparently in direct opposition to the positions he took in the bankruptcy proceedings and in his divorce litigation with Billie Vincent and arguably casts severe doubt upon his credibility. *Page 1236 
However, as outlined by the Alabama Supreme Court, judicial estoppel applies only under certain limited circumstances. An inconsistent position, although necessary to the applicability of judicial estoppel, is not alone sufficient to invoke the doctrine. While the trial court opined that it did not believe that whether the bank was a party to the bankruptcy or divorce proceedings was material, Jinright and its progeny are to the contrary. For example, in Dzwonkowski v. Sonitrol of Mobile,Inc., 854 So.2d 598 (Ala.Civ.App. 2002), this court reversed a partial summary judgment in which a trial court had concluded that a president of a closely held corporation was judicially estopped from claiming ownership of more than one share of stock in that corporation in a declaratory-judgment action against his sons although the president had given deposition testimony in connection with his divorce that he owned only one share of stock. After quoting Jinright, we held that judicial estoppel did not apply because (1) the sons were not parties to the divorce action; and (2) the sons did not prove that they were misled by the deposition testimony or that they changed their positions to their detriment based on that testimony. Accord,Hoffman v. Truck Driving Academy, 777 So.2d 151 (Ala.Civ.App. 2000) (holding that judicial estoppel did not apply where the defendant failed to demonstrate any prejudice arising from the plaintiff's failure to disclose assets to the bankruptcy court);Battle v. Alpha Chem. Paper Co., 770 So.2d 626 (Ala.Civ.App. 2000) (same).
Our holding as to this issue should not be taken as somehow rewarding or immunizing Vincent as to the conduct in question. Assuming that Vincent did, in fact, lie to two other courts concerning the existence of the $500,000 he claims was stolen from his safety-deposit boxes, nothing in this opinion prevents those courts or other appropriate officials from responding accordingly. Similarly, if the trier of fact in this case concludes that Vincent has lied about material issues, nothing in this opinion keeps Vincent's actions from impacting the trial court's credibility determinations and its liability and damage assessments. However, under the doctrine of judicial estoppel as it has been applied in Jinright and its progeny, neither the bank nor Betty Vincent is entitled to a summary judgment simply because Vincent claims to have lost, as a proximate result of the conduct of the bank and Betty Vincent, moneys that in collateral litigation he denied having had.
Based upon the foregoing facts and authorities, the summary judgment in favor of the bank and Betty Vincent is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
YATES, P.J., concurs in the result.
[1] That release provided: "The contents of safety deposit box no. [130 and 131] having been removed, the box with 1 key is surrendered, and the bank is hereby released from all liability by the undersigned." Vincent I, 770 So.2d at 90.
[2] When a release is determined to be ambiguous, the fact-finder must receive evidence on the intent of the parties in order to give the release effect according to the terms and the intentions of the parties. Williams v. Nolin, 484 So.2d 428
(Ala. 1986).
[3] The Alabama Supreme Court has, on a number of occasions, considered multiple certiorari petitions stemming from one appeal. See, e.g., Ex parte Certain Underwriters at Lloyd's ofLondon, 815 So.2d 558 (Ala. 2001); Ex parte City ofTuscaloosa, 757 So.2d 1182 (Ala. 1999).